IN THE MATTER OF THE APPLICATION OF CLAYTON OCTAVE FOUQUETTE FOR A WRIT OF HABEAS CORPUS.

No. 3676

July 5, 1951.                                    233 P.2d 859.

*John W. Bonner,* of Las Vegas, for Petitioner.

*W. T. Mathews,* Attorney General, *Geo. P. Annand, Robert L. McDonald, Thos. A. Foley,* Deputy Attorneys General, of Carson City, and *Roger D. Foley,* District Attorney, Clark County, for Respondent State.

## OPINION

By the Court, EATHER, J.:

The petitioner, Clayton Octave Fouquette, on the 20th day of November, 1948, was convicted in the Eighth judicial district court of the State of Nevada, in and for the county of Clark, of the crime of murder in the first degree and the punishment was fixed at death.

Thereafter, on November 24, 1948, petitioner through his attorney, moved for a new trial upon several grounds, which said motion was denied and petitioner was thereupon sentenced to death and placed in the custody of

the warden of the state prison where he now remains. He appealed from said judgment and from the order denying his motion for a new trial, and the supreme court made an order suspending the execution of said judgment and sentence until the determination of the appeal.

On the 10th day of August, 1950, the judgment and order of the trial court were affirmed and this court directed the district court to make the proper order for the carrying into effect by the warden of the state prison of the said judgment. State v. Fouquette, 67 Nev. 505, 221 P.2d 404. Petitioner filed a petition for rehearing which was denied on November 16, 1950. This court filed its opinion in each instance.

Petitioner was resentenced to die on December 28, 1950. On December 18, 1950, this court stayed the judgment of execution pending petition for a writ of certiorari to the United States Supreme Court. On May 14, 1951, said petition was denied.

Pursuant to the above-mentioned directive the trial court issued a warrant of execution and ordered said warden to execute the judgment and sentence of death within the limits of the state prison on June 18, 1951. Whereupon petitioner filed in this court a petition for a writ of habeas corpus, which was issued on June 11, 1951. In his petition he alleged that he is unlawfully sentenced, imprisoned, detained and restrained of his liberty in the Nevada State Prison in Ormsby County, Nevada, by Arthur Bernard, the warden thereof.

The illegality of his imprisonment is put upon the ground that his sentence, confinement, and restraint are illegal, unlawful, and in violation of the rights guaranteed to petitioner by statutes of Nevada and article I, section 8, of the Nevada constitution, and contrary to the rights guaranteed petitioner by section 1, of the fourteenth amendment to the United States constitution.

The illegality of his imprisonment is also put upon the grounds that he was insane on August 19, 1948, the date of the alleged crime; that it was impossible

for him to have had a fair trial in Clark County in view of prejudice and adverse publicity and further that certain confessions admitted as evidence were not legally admissible as voluntary confessions.

The respondent warden filed his return to the writ and brought the petitioner into court on the 29th day of June, 1951, at which time a full hearing was had, during which petitioner was represented by his attorney, John W. Bonner, Esq., and the matter was submitted to this court for decision.

Petitioner filed points and authorities in which he says the following three substantial questions are raised:

1. Was petitioner insane on August 19, 1948, the date of the alleged crime?

2. Was it possible for him to have had a fair trial in Clark County, Nevada, in view of prejudice and adverse publicity as disclosed by the record herein?

3. Were the confessions legally admissible as voluntary confessions?

These matters were all determined adversely to the contentions of the petitioner at the trial, the motion for a new trial, the appeal and affirmance in this court and the denial of his petition for rehearing.

From an examination of the record in the instant case it appears from the petition, as well as from the return to the writ, that the judgment of conviction is regular upon its face. This being true, it follows from the principles announced in Ex Parte Winston, 9 Nev. 71, 35 Pac. St. Rep., page 71, and the authorities there cited, that the judgment of conviction in the district court is conclusive until reversed. It cannot be reviewed upon habeas corpus.

9 Nev. on page 75 in the case of Ex Parte Winston, supra, the court stated:

"A habeas corpus is not a writ of error. It cannot be used to authorize the exercise of appellate jurisdiction. On a habeas corpus the judgment of an inferior court cannot be disregarded. We can only look at the record

to see whether a judgment exists, and have no power to say whether it is right or wrong. It is conclusively presumed to be right until reversed; and when the imprisonment is under process, valid on its face, it will be deemed prima facie legal, and if the petitioner fails to show a want of jurisdiction in the magistrate or court whence it emanated, his body must be remanded to custody." Citing numerous authorities.

The principle is too well settled to require discussion.

This proceeding is hereby dismissed, and petitioner is remanded to the custody of the warden of the state prison.

BADT, C. J., and MERRILL, J., concur.