## FOUQUETTE v. BERNARD.
### No. 13274.

United States Court of Appeals
Ninth Circuit.

Aug. 21, 1952.

Rehearing Denied Sept. 19, 1952.

John W. Bonner, Las Vegas, Nev., for appellant.

W. T. Mathews, Atty. Gen., of Nevada (Geo. P. Annand, Deputy Atty. Gen., William N. Dunseath, Deputy Atty. Gen., John W. Barrett, Deputy Atty. Gen., Roger D. Foley, Dist. Atty., Clark County, Nev., Las Vegas, Nev., of counsel), for appellee.

Before DENMAN, Chief Judge, and STEPHENS and BONE, Circuit Judges.

DENMAN, Chief Judge.

Fouquette appeals from an order denying his application for a writ of habeas corpus seeking to have set aside his conviction of first degree murder and his death sentence by the Eighth Judicial Court of the State of Nevada in Clark County. At the hearing in this court it was agreed that Fouquette had killed one Donald Brown and that the questions here concern Fouquette's defense of insanity at the time of the killing.

On the question of exhaustion of his state remedy required by 28 U.S.C. § 2254, Nevada has no habeas corpus proceeding in which its courts have the power to consider anything more than whether the sentencing court had jurisdiction to entertain the prosecution of the crime charged and of the accused. It was so held on Fouquette's petition for the writ. State v. Fouquette, Nev., 233 P.2d 859. Certiorari to the United States Supreme Court, 342 U.S. 928, 72 S.Ct. 369, was sought from this holding as to the limit of the writ in Nevada. Obviously that Court could not consider the constitutional contentions here made. Hence we are concerned here only with Fouquette's attempts to satisfy § 2254 by his petition for certiorari to the Nevada Supreme Court.

■ Fouquette sought a change of venue from Clark County upon evidence of a wrongful use of the two newspapers of Clark County by the prosecuting attorney and the judge who later presided at the trial, claimed to have so prejudiced his defense of insanity in the minds of the citizens of that county that no proper jury could then be obtained for him. The alleged relevant facts appear in the opinion of the Chief Judge granting Fouquette a stay of execution on February 29, 1952, Fouquette v. Bernard, 9 Cir., 198 F.2d 96. The motion was denied without prejudice to its renewal after the examination of the

prospective jurors and the selection of a jury. Fouquette did not renew his motion. He contends that nevertheless the denial violated the Fourteenth Amendment.

On appeal to the Nevada Supreme Court, that court held that failure to renew the motion constituted a waiver of the motion. State v. Fouquette, 221 P.2d 404, 411. Fouquette did not include in his petition for certiorari the contention that the court erred in denying his motion for change of venue. Having so failed to exhaust his state remedy, the district court below lacked jurisdiction to entertain his application so far as concerns this issue. 28 U. S.C. § 2254. Ex parte Hawk, 321 U.S. 114, 116–17, 64 S.Ct. 448, 88 L.Ed. 572; Darr v. Burford, 339 U.S. 200, 211, 70 S.Ct. 587, 94 L.Ed. 761.

 Fouquette's application for the writ further contends that the Fourteenth Amendment was violated in the admission in evidence over his objection of two confessions obtained from him prior to taking him before a committing magistrate, to the effect that he had killed Brown and was sane at the time, which confessions were coerced from him by the wrongful conduct of the examining officers. Fouquette does not question the statement of the appellee's brief that the prosecution introduced conflicting evidence that the confessions were not coerced and the matter of their contentions was submitted to the jury under the proper instructions. This also appears in the opinion of the Nevada Supreme Court. State v. Fouquette, 221 P.2d 404, 419–20.

On appeal the Nevada Supreme Court held that no error had been committed. State v. Fouquette, supra, 221 P.2d 419. State v. Boudreau, Nev., 214 P.2d 135, 139–42; State v. Williams, 219 P.2d 184, 189–90. This issue was presented to the Supreme Court of the United States in Fouquette's petition for certiorari which was denied, 341 U.S. 932, 71 S.Ct. 799, 95 L.Ed. 1361. We hold no error was committed in submitting the conflicting evidence on the voluntariness of the confessions to the Nevada jury. Lisenba v. California, 314 U.S. 219, 238, 62 S.Ct. 280, 86 L.Ed. 166; Ward v. Texas, 316 U.S. 547, 552, 62 S.Ct. 1139, 86 L.Ed. 1663.

Fouquette's petition further alleges that the Fourteenth Amendment is violated because, after arraignment and before he had counsel, one Dr. Work examined him as to his sanity and testified that he was sane, giving "all the conversation he elicited from me" over "my objection on the grounds of self-incrimination and privilege." The Nevada Supreme Court held there was no error, 221 P.2d 421. The question was presented in the denied petition for certiorari.

It is not alleged that any coercive or wrongful methods were used by the doctor or that Fouquette did not consent to the examination. His brief does not claim that Dr. Work was his physician. On the contrary, it admits that there is no error in the physician so examining him and testifying as to his sanity. Hence there could have been no violation of the privilege between patient and physician. What the conversation was is not stated. Even if it involved a confession of the crime, it was admissible since it is not claimed that it was wrongfully obtained. We find no error here.

The order of the district court is affirmed.