IN THE MATTER OF THE APPLICATION OF CLAYTON OCTAVE FOUQUETTE FOR A WRIT OF HABEAS CORPUS.

No. 3745

April 8, 1953.                    255 P.2d 733.

*John W. Bonner,* of Las Vegas, for Appellant.

*W. T. Mathews,* Attorney General, *Geo. P. Annand, Wm. N. Dunseath* and *John W. Barrett,* Deputy Attorneys General, for Respondent.

# OPINION

## ON PETITION FOR STAY OF EXECUTION

By the Court, BADT, J.:

On April 7, 1953 petitioner lodged in this court his appeal from an order made April 6, 1953 by the First judicial district court denying the petitioner's application to that court for a writ of habeas corpus. At the same time he presented to this court and to the justices thereof his petition for stay of execution of the death sentence presently set for April 13, 1953. The attorney general opposed the granting of the petition. The history of the matter to date is as follows: On November 20, 1948 Fouquette was convicted of first-degree murder with the penalty fixed at death, in the Eighth judicial district court, in and for Clark county, and the judgment and order denying his motion for new trial were affirmed by this court August 10, 1950. State v. Fouquette, 67 Nev. 505, 221 P.2d 404. Petition for rehearing was denied by this court November 16, 1950. State v. Fouquette, 67 Nev. 505, 541, 221 P.2d 404. Certiorari was denied by the Supreme Court of the United States May 14, 1951. Fouquette v. State, 341 U.S. 932, 71 S.Ct. 799, 95 L.Ed. 1361. On July 5, 1951 this court denied his petition for a writ of habeas corpus. Ex Parte Fouquette, 68 Nev. 362, 233 P.2d 859. Certiorari was again denied by the Supreme Court of the United States January 28, 1952. 342 U.S. 928, 72 S.Ct. 369, 96 L.Ed. 691.

He sought without success a writ of habeas corpus from the United States District Court for the District of Nevada, which gave a certificate of probable cause but denied a stay of execution. He then sought and obtained an order from the United States Circuit Court of Appeals, 9th Circuit, which remanded the case to the United States District Court for further proceedings and made an order staying execution. Fouquette v. Bernard, 198 F.2d 96. After such further proceedings,

the district court again denied habeas corpus. This was affirmed August 21, 1952 by the Circuit Court. 9 Cir., 198 F.2d 860. The United States Supreme Court again denied certiorari March 9, 1953, 73 S.Ct. 652. During the pendency of each of such further proceedings following·his conviction his execution was postponed by appropriate orders. On some eight or nine separate occasions a date was fixed for his execution and the same is now set for April 13, 1953.

On April 6, 1953 petitioner again sought a writ of habeas corpus from the First judicial district court, in and for Ormsby county, which was on said date denied. Said district court also denied his application for a certificate of probable cause or for a stay of execution pending appeal to this court.[1]

Petitioner frankly concedes that he presents no new facts and no new propositions of law (other than those discussed below) not considered and decided by this court in the appeal from the judgment, State v. Fouquette, 67 Nev. 505, 221 P.2d 404, and in our denial of habeas corpus, 68 Nev. 362, 233 P.2d 859. His petition for a stay of execution recites that the principal point raised on his appeal from the district court's order of April 6, 1953 denying his application for habeas corpus "is that his defense of insanity interposed at the original trial of said case had been tried in the Clark County newspapers prior to the trial through elaborate statements given to such newspapers by the District Attorney of said County and by other officials working on said case; that the publication of such articles, freely circulated caused such a prejudice against appellant that he did not have an opportunity to fairly present his defense

---

[1]An order granting or denying a petition for a writ of habeas corpus, heretofore not appealable under the statutes of this state, was made appealable by either the petitioner or the state by "An Act to amend an Act entitled, 'An Act concerning the writ of habeas corpus,' approved December 19, 1862," approved March 25, 1953. Stats. 1953, chap. 205, p. 257, amending section 3 of section 11377, N.C.L.1929.

before an impartial jury; that requiring him to go to trial after his motion for change of venue, presenting such articles together with numerous affidavits of citizens conclusively established that the Court *was without jurisdiction* because such a trial is not in accordance with civilized concepts of due process of law; that the subsequent verdict and judgment deprived appellant of his life without due process of law contrary to Article 1, section 8 of Nevada Constitution and Section 1 of Fourteenth Amendment to United States Constitution."

He contends that Shepherd v. Florida, 341 U.S. 50, 71 S.Ct. 549, 95 L.Ed. 740, (not decided by the Supreme Court of the United States until April 9, 1951, and not presented to us on the appeal from the judgment or the petition for habeas corpus) is controlling and leads to the conclusion that under the circumstances of the adverse newspaper publicity the trial court was without jurisdiction to convict him.

The point is without merit. The per curiam opinion of the United States Supreme Court in Shepherd v. Florida reads simply as follows: "The judgment is reversed. Cassell v. Texas, 339 U.S. 282, 70 S.Ct. 629, 94 L.Ed. 839." The Texas conviction was reversed upon the sole ground that the method of jury selection discriminated against the Negro race. Petitioner's reliance however is upon the opinion of Mr. Justice Jackson, with whom Mr. Justice Frankfurter joined, concurring in the reversal, but not upon the authority of Cassell v. Texas. They thought that reliance on this ground was "to stress the trivial and ignore the important," which referred to the inflamed public mind growing out of newspaper publications which recited, among other things, that the defendants had confessed—a statement entirely without substantiation of any kind, and which was never thereafter repudiated either by the paper or by the official purporting to have made the statement. Many other circumstances (gathering of mobs, burning of Negro homes, threats of lynchings, etc.) moved these

especially concurring justices to the conclusion that the defendants "were prejudged as guilty and the trial was but a legal gesture to register a verdict already dictated by the press and the public opinion which it generated." They concluded that the convictions, accompanied by such events, do not meet any civilized conception of due process of law. In the first place the conclusions of the two justices thus concurring in the result were not the holding of the court; in the second place the circumstances surrounding the Fouquette trial may not be compared with those existing in the Shepherd trial; in the third place the Shepherd case was submitted to the United States Supreme Court in support of at least two of Fouquette's applications to that court for certiorari.

We emphasized above petitioner's reliance upon what he contends is a new proposition of law, not heretofore presented to this court or to the federal courts, namely, that his conviction not only deprives him of his life without due process but that by reason of the circumstances and by reason of the language used by Justices Jackson and Frankfurter in the Shepherd case and other pronouncements of the supreme court, the trial court was without jurisdiction to try him. It is evident however that this challenge of jurisdiction is simply attaching another label to the identical points raised in the prior proceedings in both the state and federal courts.

.Petitioner further contends however that an entirely new question of law arises in his present appeal since it is an appeal from an order of the district court denying habeas corpus under the statute enacted this year by the legislature and cited in footnote 1, supra, not heretofore considered by this court. He contends that the district court's refusal "to entertain" his petition was a rejection of a jurisdiction clearly vested in the district court; that subdivision c of section 3, as added to the old habeas corpus act, by the 1953 amendment, and which denies the right of application to a district court for habeas corpus after an application for such writ has been denied by the supreme court of the state, may not

apply retroactively to him. That the district court refused "to entertain" the petition is not entirely clear. The meaning of the phrase may vary according to its surroundings. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 437. The learned district court did, it is true, state from the bench that he had no jurisdiction. He further stated however that it was clear from the opinion on the appeal from the judgment "that the trial court gave the defendant every right to be heard and to have a fair trial." He discussed the matter of prejudice resulting from the newspaper articles and the circumstances growing out of the motion for change of venue, this court's finding of no error and that Fouquette had a fair and impartial trial. It is doubtful whether anything further may be concluded from the district court's order than that it determined from a full consideration of the record (the entire record on appeal from the judgment and on the application to this court for habeas corpus being before it) that a hearing was unnecessary. Brown v. Allen, supra. Accordingly we find it unnecessary to discuss the question raised by petitioner with regard to interpretation of the habeas corpus statute as amended by the act of 1953.

Respondent contends that under section 11192.01, N.C.L.1943–1949 Supp.,[2] this court is without power to grant a stay of execution because the present appeal is not one from a "judgment of death." Petitioner replies that the practical effect of the denial of his petition for habeas corpus, with his execution set for April 13, 1953 is to make the same a "judgment of death." This likewise we find it unnecessary to discuss or to determine. We find our own course in the matter clear even if we

---

[2]"No judge, court, or officer, other than the governor or the board of pardons and parole commissioners as authorized in sections 13 and 14, article V, constitution of Nevada, shall stay the execution of a judgment of death, unless an appeal from such judgment of death is taken to the supreme court of Nevada. When an appeal is taken from a judgment of death, the supreme court, or any justice thereof in vacation, may stay the execution until the appeal is heard and determined; * * *"

accept the special concurring opinions in Shepherd v. Florida, supra, as indicating the propriety of the entertainment by the federal courts of a petition for habeas corpus, in a proper case, either upon the record or upon the presentation of new facts after affirmance of a conviction by the highest state court and after denial of habeas corpus by that court and denial of certiorari by the United States Supreme Court. The present attitude of the United States Supreme Court to such a situation finds its latest expression in Brown v. Allen, supra. After referring to the principle enunciated in Darr v. Burford, 339 U.S. 200, 214, 70 S.Ct. 587, 94 L.Ed. 761, governing applications for habeas corpus before successive federal judges, the court said [344 U.S. 443, 73 S.Ct. 410] : "Applications to district courts on grounds determined adversely to the applicant by state courts should follow the same principle—a refusal of the writ without more, if the court is satisfied, by the record, that the state process has given fair consideration to the issues and the offered evidence, and has resulted in a satisfactory conclusion. Where the record of the application affords an adequate opportunity to weigh the sufficiency of the allegations and the evidence, and no unusual circumstances calling for a hearing are presented, a repetition of the trial is not required." Again: "Although they have the power, it is not necessary for federal courts to hold hearings on the merits, facts or law a second time when satisfied that federal constitutional rights have been protected."

And further : "As the state and federal courts have the same responsibilities to protect persons from violation of their constitutional rights, we conclude that a federal district court may decline, without a rehearing of the facts, to award a writ of habeas corpus to a state prisoner where the legality of such detention has been determined, on the facts presented, by the highest state court with jurisdiction, whether through affirmance of the judgment on appeal or denial of post-conviction remedies." Brown v. Allen, supra. The foregoing are

from the opinion of the court speaking through Mr. Justice Reed. Mr. Justice Frankfurter, in an extended concurring opinion and in an appendix thereto, attempts to spell out more definitely circumstances which should tend to limit the federal habeas corpus jurisdiction without closing the doors to its clear constitutional right to entertain a petition in a proper case. The opinions in Brown v. Allen and two other allied cases consume something over one hundred printed pages containing numerous expressions of the utmost importance upon the subject discussed. The portions of the opinion quoted above, as well as others, apply with most persuasive effect to the present situation.

We conclude that the learned district judge, having before him the entire record under which this court sustained the conviction, denied a rehearing and thereafter denied habeas corpus, and being satisfied that no new facts and no new propositions of law were presented, was without error in denying the petition. If we are thus prematurely deciding the merits of the present appeal, it is because of our realization of the responsibility resting upon us in considering the application for a stay of execution and because the entire issue considered at this time, upon a full presentation by the petitioner and the state, has been in the nature of a motion to dismiss the appeal. Technically the only matter before us, as has been said, is a petition for a stay of execution. That petition is hereby denied.

EATHER, C. J., and MERRILL, J., concur.