Warren Earl LOOMIS, Petitioner,

v.

C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Respondent.

Warren Earl LOOMIS, Petitioner,

v.

J. D. COX, Superintendent of the Virginia State Penitentiary, Respondent.

Warren Earl LOOMIS, Petitioner,

v.

J. D. COX, Superintendent of the Virginia State Penitentiary, Respondent.

Civ. A. Nos. 69-C-4-H, 69-C-42-H, and 70-C-17-H.

United States District Court, W. D. Virginia, Harrisonburg Division.

Feb. 22, 1971.

Warren Earl Loomis, pro se.

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., for respondents.

## OPINION

WIDENER, District Judge.

By order entered May 22, 1970, these petitions for writs of habeas corpus were consolidated, as they contain common matters of law and fact. Petitioner, Warren Earl Loomis, a state prisoner, is presently serving sentences imposed by the Circuit Court of Augusta County, Virginia. He attacks the validity of those sentences, as well as sentences imposed by the Circuit Court of the City of Staunton, Virginia.

On October 26, 1967, Loomis was convicted in the Circuit Court of the City of Staunton upon his guilty pleas to one count each of burglary and possession of burglary tools. He was sentenced to three years' imprisonment on the former count and to one year on the latter, both sentences being suspended for five years, during which time Loomis was to be on probation.

In February, 1968, petitioner was indicted in the Circuit Court of Augusta County on identical counts growing out of events which took place on November 12, 1967, some seventeen days following his conviction in Staunton. Loomis was subsequently convicted of burglary following a jury trial in the Augusta County Circuit Court on April 1, 1968, and sentenced to serve eighteen years in the penitentiary. On May 1, 1968, that court sentenced him to ten years upon his plea of guilty to possession of burglary tools, such sentence to run concurrently with the eighteen-year sentence. After a hearing held on that same day, the Circuit Court of the City of Staunton revoked the probation granted October 26, 1967, and ordered petitioner to serve the earlier imposed one-year and three-year sentences, said sentences to run concurrently with each other but consecutively with the eighteen-year sentence imposed by the Circuit Court of Augusta County. Petitioner's claims regarding the sentences imposed in Staunton will be considered first.

Loomis filed a notice of appeal from his Staunton convictions on June 4, 1968, but withdrew it on June 10, 1968 in favor of a petition for writ of habeas corpus filed in the Circuit Court of the City of Staunton. He complained in his habeas corpus petition of an illegal arrest and search, illegal detention following arrest, and prejudicial pre-trial publicity. By a subsequent amended peti-

tion, he claimed also that he had been denied effective assistance of counsel. A plenary hearing was held on December 20, 1968, and the petition was thereafter dismissed. On October 14, 1969, the Supreme Court of Appeals of Virginia denied a writ of error to the judgment dismissing the petition. Loomis then filed his present petition (No. 69–C–42–H) attacking the Staunton sentences in the United States District Court for the Eastern District of Virginia, which petition was transferred to this court.

In his present petition (No. 69–C–42–H) as amended in response to an order requiring him to allege facts in support of his claims, Loomis sets forth five grounds for relief, which, except as hereafter noted, are identical to those asserted in his state habeas petition. All of the claims now urged were presented in the state habeas proceeding, and petitioner has therefore exhausted his state remedies as to those claims, as required under 28 U.S.C. § 2254. The state records which are before this court, including a transcript of the state habeas hearing, disclose all the pertinent factual matters necessary for determination of petitioner's contentions regarding the Staunton sentences, and no further hearing on them is required. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1963). Upon examination of those facts, which will be briefly recounted, this court is of opinion that petitioner's allegations do not entitle him to relief.

At some time around midnight on September 9, 1967, Staunton police, who were on routine burglary patrol, discovered petitioner standing by his car which was parked beside a motorcycle shop with the driver's door open. Upon investigation, the officers found that the shop had been broken into. A search of the trunk of petitioner's car turned up various oxygen tanks, gauges, tools, and a cutting torch, which items were identified at the scene by the shop's owner as having been taken from the shop. The arresting officers also found an assort-

ment of tools in the car's interior. Upon being placed under arrest, Loomis was photographed in handcuffs at the scene of the burglary by a Staunton news photographer, who was also a reserve police captain and who participated in Loomis' arrest. This picture was subsequently published in a local newspaper, the STAUNTON NEWS LEADER, along with a story describing the events surrounding petitioner's arrest. Following his arrest, petitioner avers he was illegally detained until September 13, 1967, when he was taken before a magistrate. Loomis was indicted for burglary and possession of burglary tools by a grand jury of the Circuit Court of the City of Staunton in October, 1967. At a hearing prior to trial, Loomis' retained counsel attempted unsuccessfully to have suppressed from evidence the items seized from Loomis' car. Thereafter, petitioner and his counsel were prepared to proceed to trial on pleas of not guilty until the Commonwealth's Attorney, allegedly on the morning of the trial date, advised counsel that he would recommend suspended sentences and probation upon petitioner's pleas of guilty to the offenses charged. Petitioner entered guilty pleas at his trial, and the trial court, after receiving evidence in the form of an arresting officer's testimony and photographs of the items found in petitioner's car, imposed the three-year and one-year sentences now complained of and suspended them for five years. As noted, the order suspending the sentences was revoked six months later following petitioner's convictions in Augusta County.

Turning to petitioner's five allegations, it is readily apparent that only one, ineffective assistance of counsel, would afford a basis for issuance of the writ if substantiated. It is a familiar principle that a voluntary plea of guilty forecloses subsequent collateral attack based upon an alleged deprivation at an earlier stage of the proceedings. White v. Pepersack, 352 F.2d 470, 472 (4th Cir. 1965). Thus, Loomis' alleged illegal arrest (which is not substantiated

**250**

in fact) is not, without more, grounds for setting aside an otherwise valid conviction based upon his guilty plea. Crawford v. Cox, 307 F.Supp. 732 (WD Va.1969). Nor does his alleged illegal detention prior to trial have a bearing on the validity of his present confinement. Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948). His remedy for such detention would have been by petition for habeas corpus at that time. See Lacey v. Palmer, 93 Va. 159, 24 S.E. 930 (1896). The question of the admissibility of evidence alleged to have been illegally seized also does not survive petitioner's guilty plea. United States v. Ford, 363 F.2d 375 (4th Cir. 1966); see also McMann v. Richardson, 397 U.S. 759, 766, 90 S.Ct. 1441, 26 L.Ed.2d 763 (1970).

■ Petitioner's claim regarding prejudicial pre-trial publicity similarly fails to present a live issue at this stage of proceedings. The gravamen of his claim is that the newspaper publication of his arrest denied petitioner "any chance of receiving a fair and impartial trial." In his state habeas petition, Loomis additionally urged that the publicity impelled him to enter involuntary guilty pleas. That allegation is not made in the present petition, and the record does not otherwise indicate that his pleas were unintelligently or involuntarily entered. In any event, petitioner's proper remedy for adverse pre-trial publicity was by way of a motion for change of venue, for which both Virginia [1] and federal laws provide. Va. Code § 19.1–224 (1960 repl.vol.); F. R.Cr.P. 21(a). Under both jurisdictions, questions of venue not raised at the trial stage are waived. Virginia Rules of Court of 1950, No. 1:8; Hicks v. Commonwealth, 157 Va. 939, 161 S.E. 919 (1932) (applying then Rule of Court No. 22); United States v. Semel, 347 F. 2d 228 (4th Cir. 1965) (applying F.R. Cr.P. 12(b) ), cert den. 382 U.S. 840, 86 S.Ct. 90, 15 L.Ed.2d 82, reh. den. 382 U. S. 933, 86 S.Ct. 312, 15 L.Ed.2d 346.

Petitioner in the instant case made no attempt to show that the pre-trial publicity denied him a chance for a fair trial until filing his state habeas petition some eight months after his conviction based upon his guilty pleas. Thus, even assuming that the publicity would have prejudiced his cause had petitioner chosen to stand trial before a jury, he waived such challenge and may not now raise it collaterally by way of federal habeas corpus. The sole basis for Loomis' claim, in any event, is the single story which appeared in the STAUNTON NEWS LEADER, which, without more, does not support the challenge. See Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966), and Estes v. Texas, 381 U.S. 532, 85 S.Ct. 1628, 14 L.Ed.2d 543 (1965). Petitioner's trial was in no sense permeated with the circus atmosphere which characterized the prosecutions of Sheppard and Estes so as to prevent fair trials in their cases.

■ Finally, petitioner's claim that he was denied the effective assistance of counsel is wholly without merit. Loomis complains of his retained counsel's "sincerity" of representation, citing (1) the latter's failure to object at trial to the admission into evidence of photographs of the items alleged to have been illegally seized, and (2) his advice to petitioner to enter pleas of guilty. In view of petitioner's guilty pleas, no point could have been served by posing objections to the Commonwealth's evidence. Counsel's pre-trial motion to suppress that evidence had been unsuccessful. He had extensively cross-examined the arresting officers at the preliminary hearing and found that they would both testify at the trial that the trunk of petitioner's car was open when they arrived at the scene of the burglary and that the items of evidence were in plain view. Counsel testified at the state habeas hearing that he had merely advised petitioner that, if the trial court admitted the evidence and petitioner were convicted, he

1. The Code of Virginia also provides for a change of venire under appropriate circumstances. Va.Code § 19.1–212.

(petitioner) would, in counsel's opinion, probably have to serve a substantial sentence. Counsel was prepared, nevertheless, in petitioner's own words, to "go ahead and fight it" if Loomis so chose. Petitioner's decision to plead guilty was his own. He testified at his post-conviction hearing that, upon learning through counsel of the prosecution's proposed recommendation of probation: "I'd have been a fool not to take that, so I came on in and pled guilty." Petitioner stated at his trial that he was satisfied with his counsel's representation. He obviously did not become dissatisfied with his attorney until ordered to serve the sentences which had originally been suspended.

Assuming the truth of petitioner's allegation that his trial counsel advised him to plead guilty, that claim does not entitle him to relief. In view of all the circumstances, particularly including the fact that Loomis was caught in the acts with which he was charged, such advice would have been well " * * * within the range of competence demanded of attorneys in criminal cases." McMann v. Richardson, supra 397 U.S. at 771, 90 S. Ct. at 1449.

> "It is only in such extreme instances where the representation has been so inadequate as to make a farce of the trial that it can be said that the prisoner was deprived of his constitutional rights." Snead v. Smyth, 273 F.2d 838, 842 (4th Cir. 1959). Bennett v. State of Maryland, 425 F.2d 181 (4th Cir. 1970).

Especially is this true where, as here, petitioner chose and employed his own able and experienced counsel. Root v. Cunningham, 344 F.2d 1, 3 (4th Cir. 1965), cert. den. 382 U.S. 866, 86 S.Ct. 135, 15 L.Ed.2d 104.

For the above and other reasons hereinbefore discussed, petitioner's various allegations relating to his convictions in Staunton afford no basis for issuance of the writ. We next turn to a consideration of his claims regarding those sentences imposed by the Circuit Court of Augusta County.

As earlier noted, petitioner's convictions in the Circuit Court of Augusta County grew out of events which occurred in that county on November 12, 1967. In the early morning hours of that day, petitioner, along with three other men, was arrested on the premises of a local oil company and subsequently charged with the burglary thereof and with possession of burglary tools. On February 26, 1968, the day on which petitioner was indicted for those offenses, William K. Schmid, an attorney, was appointed to represent him. On April 1, 1968, following Loomis' conviction of burglary by a jury, Schmid noted in the trial court that an appeal would be taken. On May 1, 1968, petitioner was convicted upon his plea of guilty to the charge of possession of burglary tools. Schmid was appointed to perfect petitioner's appeal from both convictions on July 1, 1968. On November 12, 1968, Schmid requested an extension of time in which to perfect the appeal. By an order dated December 6, 1968, the Supreme Court of Appeals of Virginia granted such extension until December 31, 1968, on which day Schmid filed a notice of appeal and requested that the trial record be printed and forwarded to the Supreme Court of Appeals. Apparently fearing that the statutory period for perfecting appeals had lapsed, Loomis filed a *pro se* petition for writ of habeas corpus (No. 69–C–4–H) in this court on January 15, 1968, in which he complained that Schmid had failed to prosecute his appeal. On February 14, 1969, attorney Schmid petitioned the Supreme Court of Appeals for an additional extension of time in which to file his petition for appeal, citing illness and pressing personal and business matters as reasons for his delay in perfecting Loomis' appeal. Schmid thereafter filed his petition for appeal on March 12, 1969. On April 23, 1969, Loomis filed a petition for writ of habeas corpus with the Supreme Court of Appeals of Virginia, complaining generally of "ineffective counsel," but again directing the sub-

stance of his complaint at Schmid's delay in prosecuting his appeal. Loomis also complained in this petition that Schmid visited him only twice prior to his jury trial.

■ In any event, the Supreme Court of Appeals, on June 17, 1969, denied writs of error to the judgments complained of in the petition for appeal and, on December 3, 1969, dismissed Loomis' petition for writ of habeas corpus which had been filed therein. Thus, the issue raised by Loomis in his federal petition No. 69–C–4–H is now moot. Although the conclusory allegations listed therein are "ineffective counsel, denial of appeal (and) denial of due process[2]," the substance of the petition is a complaint regarding counsel's alleged failure to pursue his appeal. Although the application for a writ of error appears to have been filed belatedly, it was nevertheless considered and denied on the merits. Thus, any denial of petitioner's rights due to his counsel's alleged ineffective representation on appeal was redressed, and petitioner is entitled to no more. Smith v. Cox, 435 F.2d 453 (4th Cir. 1970).

■ Loomis filed his latest petition, No. 70–C–17–H, on May 2, 1970. In it he complains in regard to his conviction for burglary that he was (1) held incommunicado in the nude following his arrest; (2) denied a fair trial; and (3) denied effective assistance of counsel. The first allegation has not been presented in any of the proceedings and will not be further considered, petitioner not having exhausted his state remedies. 28 U.S.C. § 2254. Except as hereinafter noted, allegations (2) and (3) were presented to the Supreme Court of Appeals of Virginia in either the petition for appeal or the petition for writ of habeas corpus filed therein, and will be separately discussed.

■ ■ To substantiate his claim that he was denied a fair trial, petitioner first contends, as he did on direct appeal, that he was tried by a jury which was "loaded" against him because composed entirely of men who owned businesses in the local area, and because Loomis had been charged with the burglary of a local business. Beyond petitioner's allegation, there is nothing in the record which discloses the occupations of the jurors who convicted him. Neither does it anywhere suggest that any of them held opinions of petitioner's guilt prior to trial, or that they were prejudiced against him in any way. The *voir dire* record shows no challenges for cause. Although given opportunity, no juror expressed a reason why he could not give petitioner a fair and impartial trial. One juror did volunteer that he was a customer of the oil company which Loomis burglarized, but he was not challenged. In short, petitioner's claim that the jury was "loaded" against him by virtue of its composition of businessmen is not even remotely supported by the trial record. Assuming, for the purpose of argument only, that the jury was so composed in whole or part, that fact, without more, in no way warrants a conclusion that it decided Loomis' case upon anything other than the evidence and the law as instructed by the trial court. This court finds, as a matter of law, that petitioner's complaint as to the jury's composition, if true, does not entitle him to the relief which he seeks. Additionally, petitioner waived such disqualification of the jury, if any, by failing to object at the trial. Kohl v. Lehlback, 160 U.S. 293, 16 S.Ct. 304, 40 L.Ed. 432 (1895); Beale, Criminal Pleading and Practice § 245.

■ Petitioner next claims, as on direct appeal, that he was denied a fair trial because certain items found at the scene of the burglary but "not proven to

---

2. The record does not, on its face, disclose circumstances amounting to a denial of due process. To the extent, if any, that petitioner's claimed denial of due proc-

ess refers to events other than the delayed prosecution of his appeal, he is, of course, not foreclosed from raising such claims in a subsequent petition.

have been in his possession" were erroneously admitted into evidence. His contention deals only with the admissibility of evidence, a matter almost always peculiarly within the province of the state court. Absent circumstances impugning fundamental fairness, and none are indicated here, the admissibility of evidence is a matter of state law and procedure which presents no federally cognizable claim. Grundler v. North Carolina, 283 F.2d 798, 800 (4th Cir. 1960).

■ Petitioner additionally claims that the Commonwealth's Attorney made prejudicial remarks concerning petitioner in front of the jury. This claim has not been heretofore presented in any form to the state courts of Virginia and will not be considered for the first time here. Petitioner has not exhausted his state remedies. 28 U.S.C. § 2254.

■ By his final contentions (in No. 70–C–17–H), petitioner attempts to substantiate his claim of ineffective assistance of counsel. He first complains of ineffective pre-trial assistance in that his appointed counsel Schmid, saw him only twice prior to trial, once before the preliminary hearing and again just prior to the trial itself. This point was also raised in Loomis' petition for habeas corpus filed with the Supreme Court of Appeals of Virginia. Standing alone, it does not afford him grounds for relief. The time which counsel spends with an accused is merely one factor to be weighed in evaluating the effectiveness of his representation. O'Neal v. Smith, 431 F.2d 646 (5th Cir. 1970). Petitioner does not allege how, if at all, counsel's representation at trial was deficient by virtue of his having conferred with petitioner only twice prior to trial. Accepting his factual allegation as true, it did not render Schmid's representation " * * * so inadequate as to make a farce of the trial." Snead v. Smyth, supra. It is clear from the trial record that counsel had diligently prepared the defense of petitioner's case, and that he skillfully represented Loomis throughout the trial. The bare fact that he conferred with petitioner twice prior to the trial, and petitioner alleges no more than this, does not substantiate petitioner's claim that he was denied effective assistance of counsel.

Petitioner contends also that counsel was ineffective in prosecuting his appeal. That contention was raised in another petition (No. 69–C–4–H), and has already been discussed.

■ Lastly, Loomis urges that his trial counsel was ineffective because he failed to seek a change of venue. Although petitioner complained of ineffective counsel in his petition for habeas corpus filed with the Supreme Court of Appeals, that complaint was, as noted, directed primarily toward counsel's failure to appeal Loomis' conviction, and incidentally toward counsel's alleged failure to confer more than twice with Loomis prior to trial. The question of counsel's failure to seek a change of venue has not been presented in proper form to the state courts of Virginia, who must be given an opportunity to pass upon its merits. As to this point, petitioner has not exhausted his state remedies, and his claim will therefore not be considered. 28 U.S.C. § 2254.

Having examined petitioner's claims regarding sentences imposed by the Circuit Court of Augusta County, this court finds no basis for issuance of the relief sought. In regard to those claims which this court found to be properly before it, the facts alleged by petitioner in support thereof, if true, would not entitle him to issuance of the writ, and thus no hearing on them is necessary. See Townsend v. Sain, supra. Those claims as to which, as noted, petitioner has not exhausted his state remedies will be dismissed without prejudice.

In accordance with this opinion, an order is this day entered dismissing the petitions.