Robert Lee FERGUSON, Appellant,

v.

J. D. COX, Superintendent, Virginia State Penitentiary, Appellee.

No. 71-1772.

United States Court of Appeals, Fourth Circuit.

July 26, 1972.

Robert Lee Ferguson, pro se.

Edward J. White, Asst. Atty. Gen., for appellee.

Before SOBELOFF, Senior Circuit Judge, and WINTER and CRAVEN, Circuit Judges.

SOBELOFF, Senior Circuit Judge:

Appellant Robert Lee Ferguson seeks a certificate of probable cause to appeal from the decision of the District Court refusing him habeas corpus relief.

On July 18, 1966, Ferguson, upon his plea of guilty in the City of Danville Corporation Court, Danville, Virginia, was convicted on four counts of statutory burglary and was sentenced to five years' imprisonment.

Ferguson's present petition for federal habeas corpus, filed August 14, 1969, alleges that his 1966 conviction was void because:

   (1) he was denied effective assistance of counsel;

   (2) his guilty plea was involuntary and coerced;

   (3) Negroes were systematically excluded from the grand jury which indicted him; and

   (4) he was not advised of his right to appeal.

The District Judge initially dismissed the petition on the ground that it was successive to Ferguson v. Peyton, Mem. Dec.No. 12,632 (4 Cir. Feb. 19, 1969). This court reversed, holding that the present petition was successive only as to claim (1), and remanded the case for further consideration of claims (2), (3) and (4), including the question whether there had been the requisite exhaustion of state remedies. Ferguson v. Cox, Mem.Dec.No. 14,319 (4 Cir. March 31, 1971). After further investigation, the District Judge, on July 22, 1971, dismissed the remaining claims (2), (3) and (4) for failure to exhaust. We affirm.

The record indicates that Ferguson unsuccessfully applied to the Danville City Corporation Court for a writ of habeas corpus and then petitioned the Virginia Supreme Court of Appeals for a writ of error, which was refused.

In his petition for state post-conviction relief in the Danville City Corporation Court, Ferguson alleged only that:

   (1) he was denied effective assistance of counsel;

   (2) his guilty plea was involuntary and coerced; and

   (3) Negroes were systematically excluded from the grand jury which indicted him.

It is therefore clear from the record that petitioner never presented to any state tribunal his claim that he was not advised of his right to appeal (claim (4) of the federal petition). As to that claim, the District Judge was manifestly

correct in ruling that Ferguson failed to exhaust state remedies.

Determining whether Ferguson adequately exhausted his state remedies on claims (2) and (3) of the federal petition poses a more subtle problem. Those two allegations were presented to the Danville City Corporation Court for adjudication and, after that court denied relief on the merits, Ferguson's court-appointed attorney noted an appeal to the Supreme Court of Appeals of Virginia. The Supreme Court of Appeals, without opinion, denied a writ of error, having the effect of affirming the lower court's dismissal of the petition.

Ferguson asserts that since Virginia's highest court has refused him relief, he therefore has adequately exhausted his state remedies on claims (2) and (3). It indeed has been held that exhaustion is complete in Virginia courts when a prisoner unsuccessfully petitions the state court for habeas corpus and that denial of relief is affirmed by the refusal of a writ of error by the Supreme Court of Appeals. Loomis v. Peyton, 323 F.Supp. 246 (W.D.Va. 1971); Farmer v. Cox, 308 F.Supp. 914 (W.D.Va.1970). However, mere formal compliance with these accepted procedures is not necessarily the talisman of exhaustion. Consideration must be given to whether the claimed constitutional errors were adequately presented to the highest court in the state for review.

The guideposts of our inquiry have recently been marked by the United States Supreme Court in Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971):

> The question here is simply whether, on the record and argument before it, the Massachusetts Supreme Judicial Court had a fair opportunity to consider the [claimed denial of rights] and to correct that asserted constitutional defect in respondent's conviction.

In the instant case, we agree with the District Judge that, in respect to claims (2) and (3), Ferguson has not exhausted his state remedies, including review by the highest court of the state. The record shows that, although claims (2) and (3) were raised in the lower state court proceeding, petitioner's counsel did not seek review as to these, limiting his petition for a writ of error to the claimed denial of effective assistance of counsel (claim (1) in the state habeas petition). By its own rules, the Virginia Supreme Court of Appeals is restricted to considering only errors specifically assigned in a writ of error. See Rule 5:1, § 4 (1957 Replacement Volume); Beasley v. Barnes, 201 Va. 593, 113 S.E. 2d 62 (1960). Thus, even though the record on appeal clearly disclosed all of the defects Ferguson alleged in respect to the conviction, the Supreme Court of Appeals would not have considered unassigned errors in passing on the writ of error. See Carr v. Patram, 193 Va. 604, 70 S.E.2d 308 (1952) (a reference in the petition to "other errors apparent upon the record" is indefinite and insufficient to merit consideration on appeal). In light of the Supreme Court of Appeals rule confining review to explicitly assigned errors, we cannot say that Ferguson has fairly presented his unassigned claims to the highest court in the state. Fouquette v. Bernard, 198 F.2d 860 (9 Cir. 1952), cert. denied, 345 U.S. 912, 73 S.Ct. 652, 97 L.Ed. 1346 (1953); Pappas v. Buchkoe, 156 F.Supp. 492 (W.D. Mich.1957).

But a conclusion that Ferguson did not adequately exhaust his state remedies as to claims (2), (3), and (4) does not automatically justify dismissal of his federal petition. It is now axiomatic that federal courts will not prescribe further state proceedings if it appears that the state courts are now closed to a federal petitioner. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L. Ed.2d 837 (1963); Wynn v. Smith, 446 F.2d 341 (5 Cir. 1971). Accordingly, we must consider whether Virignia's habeas corpus procedures are still open to Ferguson before we can conclude that the District Judge properly dismissed the

petition for failure to exhaust state remedies.

In particular, one potential barrier to Ferguson's return to state courts must be explored. We must examine the availability of state remedies in light of Virginia's rule that the writ of habeas corpus will not lie to afford relief after expiration of the sentence imposed for the conviction attacked. Moore v. Peyton, 211 Va. 119, 176 S.E. 2d 427 (1970); Eldridge v. Peyton, 295 F.Supp. 621 (W.D.Va.1968). Ferguson's five-year sentence, imposed on July 18, 1966, would have expired no later than July 18, 1971. In fact, prison records indicate that the five-year prison sentence terminated on August 5, 1969, due to credit allowed for time spent in jail awaiting trial, and reductions made in the sentence for good behavior and for a blood donation. It happens, however, that Ferguson's 1966 conviction for burglary was his fifth conviction for a similar crime and he is still in state custody on account of an additional sentence of 12 years, with six years suspended, imposed pursuant to the Virginia recidivist statute. Va.Code Ann. § 53–296 (1972 Replacement Volume). Although we have uncovered no case on point, we conclude that the usual rule limiting Virginia habeas corpus to the term of the sentence of the conviction under attack does not apply in this instance because, in Virginia, a recidivist sentence does not constitute a separate conviction. Rather the additional recidivist sentence is imposed for the latest conviction, here that of July 18, 1966, which Ferguson seeks to set aside. The latest crime is deemed to be an aggravated offense meriting a stiffened penalty because it was perpetrated by a multiple offender. Gryger v. Burke, 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948); Deiter v. Commonwealth, 205 Va. 771, 139 S.E.2d 788 (1965); Lawrence v. Peyton, 368 F.2d 294 (4 Cir. 1966), cert. denied, 386 U.S. 968, 87 S.Ct. 1054, 18 L.Ed.2d 123 (1967). Since Ferguson remains in state custody under a sentence directly related to his 1966 conviction, state habeas relief is still available to him.

Having determined that the usual state post-conviction procedures are open to Ferguson, it still remains to determine whether he can effectively raise his claims in state court under those procedures.

Although Ferguson's counsel failed to raise claim (4) in his first petition for state habeas corpus, and claims (2) and (3) were not assigned as error in the appeal to the Virginia Supreme Court of Appeals, the state courts may still give relief because, as in the federal courts, the doctrine of res judicata does not limit the availability of habeas corpus in Virginia. Hawks v. Cox, 211 Va. 91, 175 S.E.2d 271 (1970); Stonebreaker v. Smyth, 163 F.2d 498, 501 (4 Cir. 1947).

Ferguson has a choice of two available courses in the state courts. He may attack his 1966 conviction by seeking another writ of habeas corpus from the lower Virginia courts, Va.Code Ann. § 8–596 et seq. (1957 Replacement Volume), or he may directly petition the Supreme Court of Virginia to exercise its original jurisdiction in habeas corpus. Va.Const. Art. VI § 1 (1971); Va.Code Ann. § 17–97 (1960 Replacement Volume); Supreme Court Rule 1:4. See Burgess v. Cunningham, 205 Va. 623, 139 S.E.2d 110 (1964).

A state remedy remaining open, the local courts should be offered the first occasion to examine the validity of a state conviction. In this instance, the state courts have not been given a complete opportunity to remedy the claimed defects, and the federal judiciary should stand aside until resort to the state process has been completed.

A certificate of probable cause to appeal is denied and the judgment of the District Court is

Affirmed.