Roy Lee **ALLEY**, Petitioner,

v.

E. L. **PADERICK**, Respondent.

Civ. A. No. 73–C–173–R.

United States District Court,
W. D. Virginia,
Roanoke Division.

Feb. 18, 1974.

See also, D.C., 373 F.Supp. 920, 923.

Wilburn C. Dibling, Jr., Asst. Atty. Gen., Richmond, Va., for respondent.

Petitioner appears pro se.

OPINION and JUDGMENT

DALTON, District Judge.

This proceeding involves a *pro se* petition filed *in forma pauperis* by Roy Lee Alley, a Virginia State prisoner, pursuant to 28 U.S.C. § 2254. Petitioner seeks a writ of habeas corpus alleging the invalidity of a conviction for unlawful wounding (§ 18.1–65 of the Virginia Code) imposed by the Pulaski County Circuit Court on May 21, 1973.

Petitioner is presently imprisoned pursuant to a conviction for uttering rendered in the Roanoke County Circuit Court on April 3, 1973, wherein he received a five year sentence with three years suspended during good behavior. Petitioner will begin serving the three year sentence imposed by the Pulaski County Circuit Court on February 16, 1974. Although petitioner is not in custody pursuant to the conviction which he is contesting, his petition for a writ is not premature. Peyton v. Rowe, 391 U. S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968).

Petitioner contends that his conviction is illegal for the following reasons: 1) he was denied the right to a speedy trial because he was indicted on April 11, 1972, and tried on May 21, 1973; 2) he did not receive a fair and impartial trial because he was illegally held in the Roanoke City Jail and summoned to testify before the Pulaski grand jury in a companion case causing prejudicial treatment by the Pulaski Commonwealth's Attorney since the "companion case" did not result in indictment; 3) his trial and conviction were illegal due to a false indictment for the victim named therein was really petitioner's wife; 4) he was denied the right to appeal because, although petitioner noted his intention to appeal, no stay of execution was granted and he was removed from Pulaski County thereby preventing him from consulting with his attorney; 5) the trial court erred in overruling defendant's objection to the introduction of two letters allegedly written by petitioner after the date of the offense, which petitioner contended had no bearing upon his intent at the time of the offense; 5) the conviction was contrary to the law and evidence.

■ The court does not reach the four initial allegations contained in the petition because available state remedies have not been exhausted. 28 U.S.C. § 2254(b). Although petitioner has presented the final two allegations of his petition to the Supreme Court of Virginia on direct appeal, his other contentions have been asserted only in a petition for a writ of habeas corpus to the Pulaski County Circuit Court. Where adequate review is available, [See Va.Code Ann. § 8–596(b)(3) (Cum.Supp.1973)] one seeking habeas relief must initially allow the highest state tribunal to consider each of his allegations before a federal court will rule on the merits of his petition. Thompson v. Peyton, 406 F.2d 473 (4th Cir. 1968); Ganger v. Peyton, 379 F.2d 709 (4th Cir. 1967).

■ Since petitioner has exhausted as to his final two contentions, and since an evidentiary hearing is not required, the court reaches the merits of these claims. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). Generally, the admissibility of evidence in a state criminal trial is a matter of state law and does not involve federal constitutional questions. Grundler v. State of North Carolina, 283 F.2d 798, 800 (4th Cir. 1960). The proper procedure for review of a trial court determination on admissibility is appeal, and not by a petition for a writ of habeas corpus. Harrison v. Boles, 307 F.2d 928, 931 (4th Cir. 1962). Only when an erroneous ruling on admissibility of evidence impinges on fundamental fairness or infringes specific constitutional protections, 283 F.2d at 802, and is so prejudicial as to deprive the defendant of a fair trial is a federal question presented warranting intervention. United States ex rel. Cannon v. Maroney, 373 F.2d 908, 910 (4th Cir. 1967); Stallings v. State of South Carolina, 320 F.Supp. 824 (D. C.S.C.1970).

■ Consistent with the general practice in federal and state courts the determination regarding the admissibility of evidence in Virginia criminal procedures is within the discretion of the trial court. Savage v. Nute, 180 Va. 394, 23 S.E.2d 133 (1942); Mack v. Commonwealth, 177 Va. 921, 15 S.E.2d 62 (1941); Early v. Wilkerson, 9 Grat. (50 Va.) 68. The trial judge determined, after hearing petitioner's counsel's objection out of the presence of the jury, that the two letters written ap-

proximately three months after the wounding were admissible regarding the intent necessary for conviction pursuant to § 18.1–65. Such a ruling does not offend federal constitutional provisions and will not support a claim for relief in habeas corpus by the petitioner. *See* Wheeler v. Peyton, 287 F.Supp. 930 (W.D.Va.1968).

See also, D.C., 373 F.Supp. 918, 923.

When the sufficiency of the evidence to support a state conviction is challenged by federal habeas corpus the sole question is whether the conviction rests upon any evidence at all. Williams v. Peyton, 414 F.2d 776 (4th Cir. 1969); Young v. Boles, 343 F.2d 136 (4th Cir. 1965). After reviewing the entire record in petitioner's case, the court certainly cannot determine that the conviction was so totally devoid of evidentiary support as to raise a due process issue. 283 F.2d 798.

For the aforementioned reasons, petitioner's application for a writ of habeas corpus is hereby denied.