James W. MOTES, Petitioner,

v.

William D. LEEKE and the Attorney General of the State of South Carolina, Respondents.

Civ. A. No. 76–1107.

United States District Court, D. South Carolina, Columbia Division.

Dec. 22, 1976.

Roy T. Stuckey, Vance L. Cowden, John L. Davidson, Corrections Clinic, University of South Carolina Law Center, Columbia, S.C., for petitioner.

Emmet H. Clair, Asst. Atty. Gen., Columbia, S.C., for respondents.

## ORDER

BLATT, District Judge.

■ Petitioner, a state prisoner, filed this action under 28 U.S.C. § 2254 seeking a writ of habeas corpus. Petitioner was convicted of murder and this conviction was affirmed by the South Carolina Supreme Court, *State v. Motes,* 264 S.C. 317, 215 S.E.2d 190 (1975); he then filed an application for post-conviction relief in the state court, which application was voluntarily dismissed. While 28 U.S.C. § 2254(b) requires the exhaustion of state post-conviction relief remedies, this rule does not apply when resort to them would be ineffective to protect constitutional rights. Petitioner claims that resort to state post-conviction relief would be futile because the Supreme Court of South Carolina in the case of *State v. Bolton,* S.C., 223 S.E.2d 863 (1976), recently reaffirmed, adversely to his contention, the only issue he presents here. *Grundler v. North Carolina,* 283 F.2d 798 (4th Cir. 1960).

Petitioner asserts in this action that he was denied a fair trial in the state court because the trial judge erred in refusing to allow his counsel to cross-examine his wife, who testified against him at that trial, by the use of a written statement which she had previously given to police investigating the crime for which petitioner was convicted. This written statement was inconsistent with the wife's trial testimony, and petitioner contends that the refusal to allow the use of the statement itself in cross-examination, and the refusal to consider the statement for admission in evidence, denied his counsel the right to *adequately* cross-examine his wife. In support of this position, petitioner relies upon *Chambers v. Mississippi,* 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973), and *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). The refusal to allow the use of the aforesaid written statement was based upon Sections 1–65, 26–7.1 and 26–7.2 of the 1962 Code of Laws of South Carolina, as amended, which statutes require police officers, when taking any written statement, to deliver a copy of such statement to the person making the same, and to obtain a signed receipt indicating such delivery. If the transcribing officer fails to comply with these statutory requirements, such statement must be excluded from use in any manner at a later trial.

■ The aforesaid state statutes were apparently adopted by the South Carolina Legislature as a type of evidentiary exclusionary rule, the most likely purpose of said rule being to deter improper police conduct. See, *U. S. v. Janis,* —— U.S. ——, 96 S.Ct. 3021, 49 L.Ed.2d 1046 (1976). The requirement that a copy of any statement in writing be given to the person making the same effectively prevents changes being made in the statement without permission of the party giving the statement, and, further, prevents such person from being taken by surprise at a future time when the facts detailed in the statement may become an issue at the trial of any case. However, under the South Carolina rule, as interpreted by the South Carolina Supreme Court in *State v. Motes,* supra, and *State v. Bolton,*

supra, not only the persons giving such statement, and the persons adversely affected thereby, have the right to object to its use at trial, but the State, whose officers or agents took such statement, and failed to comply with the statutory requirements, can also prevent its use at trial. Such interpretation *creates,* in this court's opinion, rather than *prevents,* the possibility of improper police conduct, in that an officer who takes a statement from a person which contains facts unfavorable to the State's position can prevent the use of such statement at a later trial by failing to deliver a copy of the statement to the person making it. Since exclusionary rules are generally designed to safeguard rights by deterring improper police action, this court has grave doubt of the constitutional validity of the interpretation given the statutes here involved by the South Carolina Supreme Court when such statutes are applied in the manner to which petitioner objects, and the State is thereby permitted to severely limit the right of a defendant to cross-examine witnesses against him. *Grundler v. North Carolina,* 283 F.2d 798 (4 Cir. 1960).

In the instant case, a copy of the written statement of petitioner's wife was not delivered to her, and, on objection by the State, petitioner's counsel was not allowed to use the statement itself in cross-examination, or to introduce the statement in evidence. However, petitioner's counsel was permitted to thoroughly explore with the witness the inconsistency in her trial testimony and a prior written statement which she had given. The witness admitted that she had given a prior written statement that contained information about the facts at issue, and which was contradictory to her trial testimony, and she was questioned in detail on cross-examination about these differences. Therefore, while the interpretation placed on these statutes in the instant case by the Supreme Court of South Carolina may be questionable, the facts here are completely dissimilar to the situations found in *Chambers v. Mississippi,* supra, and *Davis v. Alaska,* supra, when the defendant in each case was refused the right of confrontation because he was not allowed to prove possible bias of a material witness, or to attack this witness's credibility, by cross-examination on a subject relevant to these issues. See also, *U. S. v. Jordan,* 466 F.2d 99 (4th Cir. 1975), *cert. denied,* 409 U.S. 1129, 93 S.Ct. 947, 35 L.Ed.2d 262 (1975). Accordingly, this court finds itself in agreement with Justice Bussey of the South Carolina Supreme Court in his dissenting opinion in *State v. Motes,* supra, at page 194 of 215 S.E.2d, when he wrote: "I am not convinced that the record reflects . . . any resulting prejudice to the defendant from the erroneous ruling below." Since it appears clear to this court, *under the facts of this particular case,* that the exclusion of the use of the written statement in any manner was, if error at all, either harmless, *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Snyder v. Coiner,* 510 F.2d 224 (4th Cir. 1975), or was an evidentiary error that does not rise to constitutional dimension, *U. S. v. Maroney,* 373 F.2d 908, 910 (3rd Cir. 1967); *Alley v. Paderick,* 373 F.Supp. 918 (W.D.Va.1974). The petition herein for writ of habeas corpus is hereby denied.

AND IT IS SO ORDERED.