Gilbert A. BLAND

v.

Gene M. JOHNSON et al.

Civ. A. No. 80–628–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Aug. 11, 1980.

1. These methods are the usual, but not necessarily the exclusive, means of presenting the

Gilbert A. Bland, pro se.

James Kulp, Asst. Atty. Gen., Richmond, Va., for respondents.

MEMORANDUM

WARRINER, District Judge.

Gilbert A. Bland, an inmate at the Powhatan Correctional Center, proceeding *pro se* and *in forma pauperis*, brings this petition for a writ of habeas corpus, under 28 U.S.C. § 2254, seeking relief from a conviction of first degree murder imposed by the Circuit Court of the City of Petersburg on 10 April 1962. Petitioner indicates that he did not appeal his conviction. He did, however, file one or more petitions for State habeas corpus in the Circuit Court of Petersburg. These, however, were apparently not appealed to the Virginia Supreme Court.

The doctrine of exhaustion requires that the precise claims asserted in federal court be previously litigated in State court. *Pitchess v. Davis*, 421 U.S. 482, 95 S.Ct. 1748, 44 L.Ed.2d 317 (1975); *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). In Virginia, one who petitions for federal habeas corpus relief must have presented the issue upon which he or she relies to the Virginia Supreme Court either on direct appeal of the conviction, or upon an appeal from a denial of a writ of habeas corpus filed in a circuit court, or on a petition for a writ of habeas corpus filed directly in the Virginia Supreme Court.[1] The cases cited below demonstrate that if a federal habeas corpus petitioner has filed a writ of habeas corpus in a circuit court of Virginia but has not presented the claim upon which he relies for federal relief to the Virginia Supreme Court, then he has failed to exhaust his state remedies and is not entitled to federal relief.

issue to the Virginia Supreme Court.

In *Ferguson v. Cox*, 464 F.2d 461 (4th Cir. 1972), Ferguson was convicted of burglary in 1966 and given a five year sentence. Ferguson unsuccessfully applied to the Danville City Corporation Court for a writ of habeas corpus, and then petitioned the Virginia Supreme Court for a writ of error challenging the denial of the habeas relief by the Danville Court. After the Virginia Supreme Court denied the petition, Ferguson filed a petition for federal habeas corpus relief in the United States District Court for the Western District of Virginia, stating four grounds for relief. Ground one was ultimately dismissed for reasons not important here, and ground four was dismissed because Ferguson had never presented it in any of the state proceedings. Grounds two and three had been presented to the Danville City Corporation Court but had not been assigned for review by the Virginia Supreme Court in Ferguson's petition for a writ of error from the Danville Court. The Fourth Circuit affirmed the District Court's dismissal of the petition for failure to exhaust state remedies.

An important point discussed in *Ferguson* is the effect of *Hawks v. Cox*, 211 Va. 91, 175 S.E.2d 271 (1970), on the ability of Ferguson to proceed further in state court after having failed to appeal the denial of his state circuit court habeas corpus petition. Hawks was a writ-writer who had been cluttering the state courts of Virginia for years with frivolous and repetitious writs. On 30 June 1969, Hawks filed a petition for a writ of habeas corpus in the Virginia Supreme Court. The respondent objected to the petition as repetitious. The Virginia Supreme Court held that pursuant to § 8–605 Code of Virginia (now § 8.01–663), a Virginia court may dismiss a petition for a writ of habeas corpus summarily if it determines that it is repetitious. This rule is not one of *res judicata*, but provides, rather, that "[a]bsent a change of circumstances, previous determinations of the issues by either state or federal courts will be conclusive." *Id.* 175 S.E.2d at 274. Any notions that *Hawks v. Cox*, precludes further state review of claims which were presented unsuccessfully in an unappealed circuit court habeas corpus proceeding were laid to rest in *Ferguson* :

> Although . . . claims two and three [which were raised in the petition for habeas corpus filed in the Danville City Corporation Court] were not assigned as error in the appeal to the Virginia Supreme Court of Appeals, the state courts may still give relief because, as in the federal courts, the doctrine of res judicata does not limit the availability of habeas corpus in Virginia. *Hawks v. Cox*
>
> . . . . .
>
> Ferguson has a choice of two available courses in the state courts. He may attack his 1966 conviction by seeking another writ of habeas corpus from the lower Virginia Courts, . . . or he may directly petition the Supreme Court of Virginia to exercise its original jurisdiction in habeas corpus.

464 F.2d at 464.

Another illustrative case is *Alley v. Paderick*, 373 F.Supp. 918 (W.D. Va. 1974), in which Alley's petition for federal habeas corpus relief raised several grounds. Judge Dalton stated:

> The Court does not reach the four initial allegations contained in the petition because available state remedies have not been exhausted. 28 U.S.C. § 2254(b). Although petitioner has presented the final two allegations of his petition to the Supreme Court of Virginia on direct appeal, his other contentions have been asserted only in a petition for writ of habeas corpus to the Pulaski County Circuit Court. Where adequate review is available, . . . one seeking habeas relief must initially allow the highest state tribunal to consider each of his allegations before a federal court will rule on the merits of his petition.

*Id.* at 919.

Petitioner Gilbert Bland has, therefore, failed to allege exhaustion of his State remedies. The Court will permit the petitioner an opportunity to amend his petition in order that he might show what action he has taken in the Virginia Supreme Court.

Failure to amend the petition within 30 days will result in dismissal.

An appropriate order shall issue.