819 F.2d 1138
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Joseph JEFFERSON, Petitioner-Appellant,
v.
Raymond M. MUNCY, Warden; Attorney General of Virginia,
Respondent-Appellee.
 No. 87-6553.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 7, 1987.
Decided May 29, 1987.
 
 Before WILKINSON and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Joseph Jefferson, appellant pro se.
 Linwood Theodore Wells, Jr., Office of the Attorney General, for appellees.
 PER CURIAM:
 
 
 1
 Joseph Jefferson, a Virginia inmate, appeals from the magistrate's denial of his petition for habeas corpus relief pursuant to 28 U.S.C. Sec. 2254. Because it appears that Jefferson has not exhausted his state remedies, we vacate the judgment of the magistrate and remand for further proceedings.
 
 
 2
 Jefferson was convicted of distribution of heroin in the Circuit Court of Richmond. His appeal raised issues not brought in this present petition. In this petition, Jefferson makes three allegations of error: (1) denial of right of confrontation, (2) ineffective assistance of counsel, and (3) insufficient evidence. The magistrate considered claim (3) on the merits and determined that the evidence had been sufficient to support a conviction, but dismissed claims (1) and (2) as successive pursuant to Habeas Rule 9(b), because they had not been presented in Jefferson's first federal habeas petition. That petition was denied and the denial affirmed by this Court. Jefferson v. Muncy, No. 84-6428 (4th Cir., July 3, 1985) (unpublished).
 
 
 3
 After his first federal habeas petition was denied, Jefferson instituted a habeas proceeding in the Circuit Court of Richmond in which he raised, among other claims, the three claims presented here.
 
 
 4
 The Richmond Circuit Court initially dismissed Jefferson's petition after the state moved for dismissal on the ground that Virginia Code Sec. 8.01-654(B)(2) proscribes the granting of habeas relief on allegations which could have been made in a previous habeas petition. Jefferson appealed this order to the Virginia Supreme Court, stating that he had not filed an earlier habeas petition in state court. The Richmond Circuit Court subsequently vacated its dismissal order, only to dismiss Jefferson's petition later on different grounds. Jefferson then appealed the order which vacated the first dismissal order; however, he did not appeal the court's final order dismissing his petition. Jefferson's first appeal to the Virginia Supreme Court was dismissed as moot after the first order to dismiss was vacated. The second appeal was withdrawn by Jefferson. The Virginia Supreme Court thus has never considered Jefferson's claims and ruled on them.
 
 
 5
 Before a federal court may consider a state prisoner's habeas corpus petition, the petitioner must have presented his claim to the highest state court with jurisdiction to hear the claim. 28 U.S.C. Sec. 2254(b). State habeas corpus remedies are exhausted in Virginia only after a petitioner's claims have been presented to the Virginia Supreme Court. Virginia Code Secs. 8.01-654; 17-97 and 17-116.05:1(B) (1950). A Virginia court may dismiss a petition for a writ of habeas corpus if it determines that it is repetitious. Hawks v. Cox, 211 Va. 91, 175 S.E.2d 271 (1970). Nonetheless, a remedy in the state courts is still a possibility for Jefferson. Hawks v. Cox does not preclude Jefferson from filing another habeas petition in the circuit court or a petition directly to the Virginia Supreme Court in order to give that court an opportunity to consider his claims. Ferguson v. Cox, 464 F.2d 461 (4th Cir.1972); Bland v. Johnson, 495 F.Supp. 735 (E.D.Va.1980).
 
 
 6
 Accordingly, we vacate the decision of the magistrate and remand for dismissal on the ground that Jefferson has failed to exhaust all state remedies. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 7
 VACATED AND REMANDED.