Adil SAMI, Petitioner,

v.

Thomas ISRAEL, Warden, et al.,
Respondents.

Civ. A. No. 87–1050–AM.

United States District Court,
E.D. Virginia,
Alexandria Division.

April 28, 1988.

Adil Sami, pro se.

Robert B. Condon, Asst. Atty. Gen. of Virginia, Richmond, Va., for respondents.

## ORDER

ELLIS, District Judge.

Petitioner Adil Sami brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of *habeas corpus.* Petitioner entered a plea of guilty in the Circuit Court of Fairfax County on June 10, 1983 to charges of distributing a controlled drug and possession of a controlled drug with intent to distribute. For these convictions, petitioner was sentenced to five years, all suspended, and five years with all but six months suspended. On March 14, 1986, the Circuit

Court revoked the suspension of both sentences and ordered that they be served concurrently. Petitioner now challenges the convictions on the grounds that ineffective assistance of counsel and coercion by counsel render his plea invalid as not made voluntarily or intelligently. Respondents have filed a motion to dismiss and supplemental motion to dismiss and petitioner has submitted responses to each. Because the parties' submissions raise matters beyond the pleadings, the Court has treated the matter as one for summary judgment under Rule 56. *See* Rule 12(b), Fed.R.Civ.P.

■ A threshold question is whether this petition is moot because petitioner is on parole and not incarcerated. Although petitioner has been paroled to the federal authorities, this petition is not moot, as the respondents assert, because once *habeas corpus* jurisdiction attaches at the filing of a petition, the subsequent release or parole of the petitioner prior to the completion of the proceedings does not defeat or render moot the claims. *Carafas v. LaVallee,* 391 U.S. 234, 238, 88 S.Ct. 1556, 1559, 20 L.Ed. 2d 554 (1968). As petitioner is subject to the revocation of his parole, he continues to suffer collateral consequences of these convictions and may therefore continue to prosecute this action.

■ Respondents further argue that the issue of whether petitioner was misinformed concerning the effect pleading guilty would have on his pending deportation is an unexhausted claim and therefore the entire petition must be dismissed under *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The Court agrees that a federal constitutional claim must be explicitly raised in state proceedings in order to satisfy the federal exhaustion requirement. *Anderson v. Harless,* 459 U.S. 4, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982). But this exhaustion requirement is not violated where, as here, the submission in the federal proceeding of supplemental evidence does not fundamentally alter the legal claim already considered by the state courts. *See Vasquez v. Hillery,* 474 U.S. 254, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986). As Justice Marshall stated, "[W]e have never held that presentation of additional facts to the district court ... evades the exhaustion requirement when the prisoner has presented the substance of his claim to the state courts." *Id.,* 106 S.Ct. at 620 (*citing Picard v. Connor,* 404 U.S. 270, 278, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971)). The Court finds here that the essence of petitioner's federal claim is the same as that raised in the state proceeding: namely, that his plea was not intelligently or voluntarily given. Only the precise factual basis is arguably new in federal court, namely that he informed his lawyer before the plea that he would not plead guilty to offenses which would constitute deportation grounds. Petitioner effectively raised this claim in the state *habeas corpus* proceeding when he asserted his legal claim that his plea was not knowingly and voluntarily given. For procedural reasons, petitioner simply never had an opportunity in state court to spell out his factual basis. The state case was dismissed on the state respondents' motion to dismiss and petitioner did not have an opportunity to elaborate or explain the reasons he felt his attorney had falsely represented to him that the charges would be reduced to lesser included offenses as a result of the plea agreement. Accordingly, the Court finds that petitioner has satisfied the exhaustion requirement.[1]

■ Although statements of the accused at arraignment that facially demonstrate the validity of a plea are conclusive

---

1. Moreover, resort to state court for a determination of this issue would be futile under Va. Code § 8.01–654(B)(2) which precludes the grant of habeas relief on an allegation known but not raised in his first state habeas petition. Where it appears that petitioner has no available state remedy, the exhaustion doctrine does not require recourse to state courts. *Ferguson*

*v. Cox,* 464 F.2d 461, 463 (4th Cir.1972); *cf. Richardson v. Turner,* 716 F.2d 1059, 1062 (4th Cir.1983) (where there is a reasonable possibility that an exception to a state procedural bar is available, federal courts should require that petitioner present his claim to the state court). There is no such possibility here.

absent compelling reasons to the contrary [2] the court believes that the petitioner has alleged sufficient facts in his petition and responses to the respondents' motions to create triable issues of fact as to the validity of his guilty plea and convictions. If petitioner persuades the trier of fact by a preponderance of the evidence that his plea was not intelligently or knowingly given, then habeas relief must be granted. *See Strader v. Garrison,* 611 F.2d 61 (4th Cir. 1979) (conviction must be vacated if it appears guilty plea would never have been tendered if defendant properly advised by attorney). More specifically, petitioner must establish that his counsel reasonably led him to believe that by pleading guilty the charges would be reduced to lesser offenses and deportation would not automatically result. On the other hand, if the trier of fact is not persuaded that counsel misinformed petitioner or that despite the misinformation, petitioner was not actually prejudiced, petitioner's claim must fail.[3] Petitioner is entitled to an evidentiary hearing to substantiate his allegations that his counsel misinformed him concerning the effect pleading guilty would have on his potential future deportation. *Myers v. Stephenson,* 781 F.2d 1036 (4th Cir.1986); *Blackledge v. Allison,* 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). Accordingly, it is hereby ORDERED that:

(1) respondents' motion for summary judgment be DENIED;

(2) counsel be appointed to represent the petitioner in this matter; and

(3) this matter proceed in accordance with the pretrial order entered this day.

---

**2.** *See Via v. Supt. Powhatan Correctional Center,* 643 F.2d 167 (4th Cir.1981). *See also Crawford v. United States,* 519 F.2d 347 (4th Cir.1975), *overruled on other grounds, United States v. Whitley,* 759 F.2d 327 (4th Cir.1985); *Hartman v. Blankenship,* 825 F.2d 26 (4th Cir.1987).

**3.** *See Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (Supreme Court did not decide issue whether attorney's faulty advice concerning parole eligibility may be deemed ineffective assistance in validating defendant's plea because defendant's allegations did not satisfy "prejudice" requirement set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).