Cynthia Ann ALEXANDER, and Richard Schatsick, Appellants,

v.

TOWN AND COUNTRY ESTATES, INC., Appellee.

No. 75–1859.

United States Court of Appeals, Eighth Circuit.

Submitted May 14, 1976.

Decided June 9, 1976.

Charles C. Shafer, Jr., Kansas City, Mo., for appellants.

Theodore C. Beckett, Kansas City, Mo., for appellee; Don R. Lolli, Kansas City, Mo., on brief.

Before BRIGHT and WEBSTER, Circuit Judges, and TALBOT SMITH, Senior District Judge.*

BRIGHT, Circuit Judge.

In this action for recission of a shopping center lease on grounds of fraud, appellants Cynthia Ann Alexander and Richard Schatsick (lessees), as plaintiffs, complain that the defendant-appellee, Town and Country Estates, Inc. (lessor) induced them to enter into a lease, executed July 23, 1974, in "Windmill Square," Lenexa, Kansas, by falsely representing that the shopping center was "then" 50 percent leased out. After a bench trial, District Judge John W. Oliver found that there had been no fraud and dismissed the action. Alexander and Schatsick bring this appeal. We affirm.

The sole issue on appeal, as we read the record, is a question of fact: whether the lessor's representative, Lee Fowler, in negotiating the lease, represented that Town and Country Estates had already leased 50 percent of the shopping center. If made, this representation was clearly false since the record establishes that Town and Country Estates executed its first lease of these premises with appellants.

After hearing testimony of witnesses who testified in court and considering deposition evidence, the district court announced findings from the bench and determined that defendant did not make any false or fraudulent representations of material facts in order to induce plaintiffs to execute the five-year lease. The district court said:

> * * * I must answer [this] question of fact * * * in favor of the defendants, * * * on the basis of the plaintiffs' failure to adduce sufficient evidence to establish by a greater weight of the credible evidence the claims made.

Appellant does not attack this finding directly as clearly erroneous but in an oblique fashion, contending (1) that the court improperly limited to impeachment purposes only the testimony of witness-Fong, lessee of another unit in the shopping cen-

---

* TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

ter, alleging that defendants had made similar fraudulent representations to him; (2) that the court gave undue weight to appellant-Schatsick's testimony, which appellant asserts was "confused and highly contradictory" and which evidence in part supported appellee; (3) that the court misapplied Missouri law relating to representations concerning future events; and (4) that the court did not afford proper weight to the testimony of witness-Dickerson, an attorney who represented witness-Fong, in a collateral lease transaction.

We have examined these contentions in light of the record and the trial court's comments upon the evidence and his ultimate findings. Of course, we have deferred to the trial court in our evaluation of the evidence including the weight and credibility to be given the various witnesses' testimony.

The trial court's comments indicate a careful consideration and analysis of all relevant testimony bearing upon whether appellants met their burden of proving fraud. In commenting upon the Fong testimony, the trial court properly noted that plaintiffs "cannot prove [their] case by representations which may have been made to Mr. Fong [another lessee] * * *", but the court did not limit the effect of the Fong testimony, nor corroborating evidence of his attorney, Dickerson, solely to impeachment. Absent a contrary indication in the record, we must assume that the court gave consideration to all of the competent evidence before it.

Plaintiff-appellant-Schatsick testified in his deposition prior to trial that Lee Fowler's representations concerned the future—that 50 percent of the space would be leased by January, and he reaffirmed that statement in response to an inquiry directed to him by Judge Oliver. On redirect examination, the witness, in response to his counsel's question, stated that he experiences ringing in his ears and that he had been confused during cross-examination. Appellant argues that this asserted medical impairment foreclosed the trial court from relying upon Schatsick's repeated and unequivocal testimony. We can take no cognizance of this claim. The trial court heard and could best evaluate the weight to be given to these statements, as well as the witness' entire testimony.

█ Finally, appellant now contends that the trial court erred in not granting appellant relief for Fowler's allegedly untrue representation of a future event, i. e., his statement in June or July 1974, that the shopping center would be leased out to the extent of 50 percent by December of that year. We do not consider that issue on appeal for appellants' counsel took a contrary position in district court, stating in his summation:

> I don't think that I can argue that a promise in futuro is actionable, because it is not. I think it must be an existing fact, and it has to be a material fact.[1]

Thus, we reject appellants' contentions. The district court's crucial findings are not shown to be clearly erroneous and appellant demonstrates no error of law in those findings.

Accordingly, we affirm.

---

1. The trial court took the view that under Missouri law plaintiffs' case required a showing, *inter alia,* that Lee Fowler had made a false representation of an existing fact that during negotiations for the lease, 50 percent of the shopping center had been already leased. The quoted statement by plaintiffs' counsel supported the trial court's view. On appeal, we will not decide the case on a legal theory directly contrary to that advanced by appellants at trial. *See Ludwig v. Marion Lab., Inc.,* 465 F.2d 114 (8th Cir. 1972).