For the foregoing reasons, the judgment of the district court in favor of the Hospital is hereby affirmed.

AFFIRMED.

**Norbert Glenn RICHARDSON, Appellant,**

v.

**Major B.F. TURNER, Rufus Ligh Edmisten, Appellees.**

**No. 83–6194.**

United States Court of Appeals,
Fourth Circuit.

Argued July 11, 1983.

Decided Sept. 9, 1983.

---

Norman B. Smith, Smith, Patterson, Follin, Curtis, James, & Harkavy, Greensboro, N.C., for appellant.

Rufus L. Edmisten, Atty. Gen., Raleigh, N.C. (Richard N. League, Sp. Deputy Atty. Gen., Raleigh, N.C., on brief), for appellees.

Before PHILLIPS, SPROUSE, and ERVIN, Circuit Judges.

ERVIN, Circuit Judge:

Norbert Glenn Richardson appeals from the United States District Court for the Eastern District of North Carolina wherein his petition for habeas corpus was denied. Before this court, Richardson argues that the district court should not have adjudicat-ed his claims, but rather should have dismissed his petition for failure to exhaust his state remedies. We agree and reverse and remand for dismissal.

### I.

In October, 1977, Richardson was convicted of rape, crime against nature, and felonious breaking and entering, for which he received a life and two ten year sentences. On direct appeal, his convictions were affirmed by the North Carolina Supreme Court. *North Carolina v. Richardson,* 295 N.C. 309, 245 S.E.2d 754 (1978). Richardson subsequently filed three motions for appropriate relief, all of which were denied.

Richardson then filed this habeas corpus petition. Richardson raised five claims, two of which had not been presented to the North Carolina courts: (1) whether the sentencing court erred in making his three sentences run consecutively when they arose out of the same event; and (2) whether his counsel's failure to investigate defense witnesses amounted to ineffective assistance of counsel. Richardson did not raise the two new claims either on direct appeal or in his three motions for appropriate relief. The consecutive sentence claim could have been raised on direct appeal and the ineffective assistance of counsel claim could have been raised in the first motion for appropriate relief. Since the state courts under N.C.G.S. § 15A–1419[1] may procedurally bar a claim where "[u]pon a previous motion [or appeal] . . . the defendant was in a position to adequately raise the ground or issue underlying the present mo-

---

1. N.C.G.S. § 15A–1419 provides:

 (a) The following are grounds for the denial of a motion for appropriate relief:

 (1) Upon a previous motion made pursuant to this Article, the defendant was in a position to adequately raise the ground or issue underlying the present motion but did not do so. This subdivision does not apply to a motion based upon deprivation of the right to counsel at the trial or upon failure of the trial court to advise the defendant of such right. This subdivision does not apply when the previous motion was made within 10 days after entry of judgment.

 (2) The ground or issue underlying the motion was previously determined on the merits upon an appeal from the judgment or upon a previous motion or proceeding in the courts of this State or a federal court, unless since the time of such previous determination there has been a retroactively effective change in the law controlling such issue.

 (3) Upon a previous appeal the defendant was in a position to adequately raise the ground or issue underlying the present motion but did not do so.

 (b) Although the court may deny the motion under any of the circumstances specified in this section, in the interest of justice and for good cause shown it may in its discretion grant the motion if it is otherwise meritorious.

tion but did not do so," the district court held that dismissal of the new claims to allow exhaustion of state remedies would be a futile exercise because the North Carolina courts would procedurally bar the two new claims that could have been raised previously. The district court was not persuaded that the exception—"although the court may deny the motion . . ., in the interest of justice and for good cause shown, it may in its discretion grant the motion if it is otherwise meritorious"—to the § 15A–1419 bar presented an avenue for relief in the state courts.

The district court then proceeded to adjudicate the claims and finding the three claims previously raised in the North Carolina courts without merit and the two new claims procedurally barred under *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), dismissed the petition.

## II.

Richardson now argues that the district court erred by adjudicating his habeas corpus petition, rather than dismissing it so that Richardson could exhaust his state remedies, since there remains a reasonable possibility under the exception to the § 15A–1419 bar that he could successfully prosecute his new claims in the North Carolina courts in a motion for appropriate relief.[2] The state replies that the district court properly applied the North Carolina procedural bar rules to find futility of exhaustion because the North Carolina courts, if presented with Richardson's new claims, would find the claims procedurally barred.

Richardson contends that under *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982), the district court should not have decided that state court relief was unavailable, but should have dismissed and allowed the state courts to decide whether the procedural bar applies. Richardson

cites the following passage from *Engle,* at 130, 102 S.Ct. at 1572–73 (footnotes omitted):

> We note at the outset that the futility of presenting an objection to the state courts cannot alone constitute cause for a failure to object at trial. If a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim. Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid. Allowing criminal defendants to deprive the state courts of this opportunity would contradict the principles supporting *Sykes.*

As Richardson admits, however, this statement is made in connection with a discussion of the "cause" prong of the cause and prejudice exception to the *Wainwright v. Sykes* procedural bar. The Court simply states that the perceived futility of raising a claim is not cause for failing to raise it; it does not say that the district court cannot determine that such a failure would create a procedural bar to state consideration of the claim.

In fact, the Supreme Court in *Engle* does what the district court here did; it decided that claims raised for the first time on federal habeas corpus were exhausted because state procedural bar rules made state remedies unavailable.

> This [exhaustion] requirement, however, refers only to remedies still available at the time of the federal petition. Respondents, of course, long ago completed their direct appeals. Ohio, moreover, provides only limited collateral review of convictions; prisoners may not raise claims that could have been litigated before judgment or on direct appeal. Since respon-

---

2. We recognize that Richardson has taken a position on appeal that is inconsistent with his position before the district court and that appellate courts generally should "not decide the case on a legal theory directly contrary to that advanced by appellants at trial." *Alexander v.* *Town & Country Estates, Inc.,* 535 F.2d 1081, 1082 n. 1 (8th Cir.1976); *Meiners v. Moriarity,* 563 F.2d 343, 352 (7th Cir.1977). Inasmuch as this court directed argument on this specific issue, however, we will not apply the equitable prohibition against inconsistent positions.

dents could have challenged the constitutionality of Ohio's traditional self-defense instruction at trial or on direct appeal, we agree with the lower courts that state collateral relief is unavailable to respondents and, therefore, that they have exhausted their state remedies with respect to this claim.

*Engle,* 456 U.S. at 125 n. 28, 102 S.Ct. at 1570 n. 28 (citations omitted). While *Engle* endorses federal court application of state procedural bars to find futility of exhaustion, we disagree with the district court's finding of futility in this case. Unlike the Ohio procedural bar considered in *Engle,* the North Carolina procedural bar has an exception that may apply here, namely, the "interest of justice and for good cause shown" exception.

In *Santana v. Fenton,* 685 F.2d 71 (3d Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 750, 74 L.Ed.2d 968 (1983), the court had to determine whether the petitioner had exhausted a constitutional claim that he had not previously raised before the New Jersey state courts in light of the New Jersey statute barring post-conviction review of claims not raised on direct appeal. That procedural bar excepted new claims if "the denial of relief would be contrary to the Constitution of the United States or the State of New Jersey." N.J.R. § 3:22–4. Because that exception apparently applied to the petitioner's new constitutional claim, the court refused to find futility of exhaustion.

> This court has cautioned that "litigants should not be sent on patently futile, circular journeys in formal search of relief which has already been determined unavailable." We must also be wary of characterizing a state remedy as unavailing simply to avoid the disquieting consequences a contrary conclusion might have upon a petitioner's attempt to seek relief. At least where a fair reading of the state post-conviction relief statute indicates

that a state court might well entertain constitutional claims not raised in prior proceedings, and in the absence of a state court decision clearly foreclosing such a result, we cannot conclude that petitioner has demonstrated compliance with the exhaustion requirement.

*Id.* at 75 (citations omitted).

Significantly, the *Santana* court addressed and distinguished *Engle.* Whereas the Ohio procedural bar considered in *Engle* clearly applied, the exception to the New Jersey bar apparently was available. Other courts likewise have refused to find futility of exhaustion where state remedies were reasonably possible. *See Thomas v. Wyrick,* 622 F.2d 411 (8th Cir.1980), *cert. denied,* —— U.S. ——, 103 S.Ct. 824, 74 L.Ed.2d 1020 (1983); *Cameron v. Fastoff,* 543 F.2d 971 (2d Cir.1976).

We believe that the *Santana* court is entirely correct in its reading of *Engle* and approach to the futility of exhaustion question. Federal courts may apply state procedural bars to find futility of exhaustion, but such a bar should not be applied where there is a reasonable possibility that an exception to the bar is available. While no reported North Carolina case discusses the "interest of justice and for good cause shown" exception to the § 15A–1419 bar, North Carolina Superior Court judges have employed it.[3] Given the possible availability of a state remedy, the petition should have been dismissed so that the North Carolina courts could decide whether Richardson was barred from state relief on the two new claims.

### III.

For the foregoing reasons, the district court's decision is reversed and the case is remanded for dismissal for failure to exhaust state remedies.[4]

REVERSED AND REMANDED.

---

3. At oral argument, we were presented, without objection, with a copy of a Superior Court decision in which this exception was applied.

4. Under *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), where, as here, the habeas corpus petition presents both exhausted and unexhausted claims, the entire petition

should be dismissed. Thus, all five of Richardson's claims must be dismissed.