**Virgil M. McCOY, Petitioner,**

v.

**CIRCUIT COURT OF CABELL COUNTY, HUNTINGTON, WEST VIRGINIA, and the West Virginia Department of Corrections, A.V. Dodrill, Jr., Commissioner, Respondents.**

Civ. A. No. 3:86–0648.

United States District Court,
S.D. West Virginia,
Huntington Division.

May 30, 1986.

Virgil M. McCoy, pro se.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

This day the Court having considered the petition of Virgil M. McCoy for leave to proceed *in forma pauperis* hereby grants such leave and the Clerk is directed to file his petition for habeas corpus without pre-payment of costs or fees.

On remand from the Supreme Court of Appeals of West Virginia Petitioner's second motion for post-conviction bail was denied by the Circuit Court of Cabell County. Petitioner remains in custody pursuant to his judgment of conviction and sentence entered the 6th day of December, 1985, by the Circuit Court of Cabell County. He is presently in the temporary custody of the Sheriff of Cabell County, but in the constructive custody of the Respondent, West Virginia Department of Corrections or its Commissioner, the Honorable A.V. Dodrill, Jr.

Petitioner McCoy files this petition for habeas corpus pursuant to 28 U.S.C. § 2254 seeking post-conviction bail from this Court. This Court lacks jurisdiction to entertain his petition because Petitioner simply has not exhausted his remedies under state law. In Petitioner's case there are ongoing state criminal proceedings and ongoing state post-conviction proceedings of a collateral nature. Petitioner has pending both a direct appeal to the Supreme Court of Appeals of West Virginia assailing errors allegedly occurring in his criminal trial, and as recently as April 28, 1986, having been denied post-conviction bail a second time by the Circuit Court of Cabell County, now has a right to appeal that denial to the Supreme Court of Appeals of West Virginia.

A federal court will not entertain a state prisoner's petition for a writ of habeas corpus unless the prisoner has first exhausted available state judicial remedies. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). A prisoner cannot seek intervention of a federal court by way of habeas corpus relief without first seeking and being denied relief in state courts if the state remedies are both available and adequate. *Preiser v. Rodriquez,* 411 U.S. 475, 477, 93 S.Ct. 1827, 1830, 36 L.Ed.2d 439 (1973). Even where it is not apparent from the face of the application whether there is a state remedy, a federal court should defer until the question of whether a state remedy remains available is decided in the state forum. *Richardson v. Turner,* 716 F.2d 1059, 1062 (4th Cir.1983). Here Petitioner yet has a state remedy available to him. He has the right of direct appeal from the final order of the Circuit Court of Cabell County denying him post-conviction bail to the Supreme Court of Appeals of West Virginia, pursuant to *W.Va.Code,* § 53–4A–9, as amended, until that Court, the Supreme Court of Appeals, denies or refuses his application for an appeal, this Court, a federal district court, has no jurisdiction because Petitioner has, as noted, failed to exhaust his available state remedies.

For the reasons stated, the Petitioner's application for writ of habeas corpus for post-conviction bail does not state and cannot state facts upon which relief may be granted currently in this Court. Although the Respondents have not been called upon to answer, return or otherwise plead, this Court is authorized to dismiss this action *sua sponte* if satisfied that it is frivolous within the meaning of 28 U.S.C. § 1915(d). Since this Court concludes beyond doubt and under any arguable construction both in law and in fact that Petitioner is not entitled to habeas corpus relief at this time, his petition must be dismissed. *See Todd*

*v. Baskerville*, 712 F.2d 70 (4th Cir.1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).