816 F.2d 671
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Wilbur Junious BRYANT, Petitioner-Appellant,
v.
David A. GARRAGHTY, Warden, Respondent-Appellee.
 No. 86-6716.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 19, 1987.
Decided April 3, 1987.
 
 Before ERVIN and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Wilbur Junious Bryant, appellant pro se.
 Richard B. Smith, Assistant Attorney General, for appellee.
 PER CURIAM:
 
 
 1
 Wilbur Junious Bryant, a Virginia inmate, seeks to appeal the judgment of the district court dismissing his petition for habeas corpus relief, brought pursuant to 28 U.S.C. Sec. 2254. After an unsuccessful appeal of his convictions to the Supreme Court of Virginia, Bryant filed two separate petitions for habeas corpus relief in the state courts. In those petitions Bryant raised, among other things, various instances of ineffective assistance of counsel. The first state petition was denied on the merits. The state supreme court dismissed the second petition citing Sec. 8.01-654(B)(2)[1] of the Virginia Code.
 
 In his federal petition, Bryant alleges:
 
 2
 (A) that the evidence adduced at trial was insufficient to support Bryant's convictions;
 
 
 3
 (B) that Bryant's lawyer was ineffective in that he:
 
 
 4
 (1) failed to get a ballistics test proving the directions in which the victim had fired his weapon;
 
 
 5
 (2) failed to assert lack of motive, opportunity, or self-defense;
 
 
 6
 (3) mistakenly called petitioner's father to testify knowing that his criminal record would be brought out and would be prejudicial to the defense;
 
 
 7
 (4) failed to attack the testimony of a witness on due process grounds; and
 
 
 8
 (5) failed to object to the trial judge's attempt to "clarify" the testimony of a witness; and
 
 
 9
 (C) the trial judge improperly questioned a witness in an attempt to clarify whether there were inconsistencies between two statements made by the petitioner.
 
 
 10
 Of the claims presented in his petition only claims (A) and (C) have been presented to the state courts as required by 28 U.S.C. Sec. 2254(b). Respondent admits, however, that Bryant has exhausted his available state remedies as to claim (B). In support of that admission the respondent cites Va.Code Sec. 8.01-654(B)(2). Respondent argues, therefore, that Bryant's claim (B) is not cognizable in federal court based upon the procedural bar that the Supreme Court of Virginia would apply to that claim. See Va.Code Sec. 8.01-654(B)(2); see also Wainwright v. Sykes, 433 U.S. 72 (1977).
 
 
 11
 The district court addressed claim (A) on the merits and found that Bryant was not entitled to relief. The court dismissed claim (C) on the ground that the claim was procedurally defaulted through Bryant's counsel's failure to comply with Virginia's contemporaneous objection requirement, Rule 5:21, Rules of the Supreme Court of Virginia.[2] We find no error in the district court's disposition of claims (A) and (C) and dismiss those claims on the reasoning of the district court. Bryant v. Garraghty, C/A No. 85-873-R (E.D.Va., July 29, 1986). Although claim (B) had never been presented to any Virginia court, and no Virginia court had ever found the claim to be barred, the district court held that the claim was inevitably subject to procedural default by virtue of Sec. 8.01-654(B)(2). Finding procedural default on the claim in state court, and after examining the record for "cause and prejudice" as required by Wainwright v. Sykes, supra, at 91, the district court found that the state procedural default barred federal review of the merits of the claim.
 
 
 12
 In Richardson v. Turner, 716 F.2d 1059 (4th Cir.1983), this Court examined an application for habeas corpus relief arising from a North Carolina conviction. Although Richardson had not presented certain of his claims to the state courts, the state's procedural default rule, N.C.Gen.Stat. Sec. 15A-1419, arguably would have precluded further recourse to the state courts. Applying Sec. 15A-1419, the district court determined that Richardson had no available recourse remaining in state court, that therefore his claims were exhausted, and that federal review was barred by virtue of the procedural default. We reversed, holding that, since Sec. 15A-1419 contains an exception "for good cause," the case should have been dismissed for failure to exhaust, as a state remedy might still be available. We noted that where there is a "reasonable possibility" that an exception to a state procedural bar exists the federal courts should not apply the state's procedural bar to find futility of exhaustion. 716 F.2d at 1062.
 
 
 13
 Because Bryant failed to include in his first petition the allegations of counsel's ineffectiveness that he raises in his federal petition, he ordinarily would be precluded from further consideration of the claim in state court. Virginia's Sec. 8.01-654(B)(2), however, does not preclude every successive petition. That section requires that the petition contain all allegations the facts of which are known to the petitioner at the time of filing. See fn. 1, supra.
 
 
 14
 We have carefully examined this habeas record and conclude that under the facts of this case there exists no reasonable possibility that Bryant could avoid the application of the Sec. 8.01-654(B)(2) bar to consideration of a third state habeas petition containing the allegations in claim (B). Significant to our conclusion in this regard is the Supreme Court of Virginia's treatment of Bryant's second state petition. In that petition Bryant alleged multiple instances of counsel ineffectiveness different from those alleged in his first state petition and in this federal petition. The Supreme Court of Virginia dismissed the claim entirely, citing Sec. 8.01-654(B)(2). Moreover, we do not believe that Bryant could credibly contend that he was unaware of the facts underlying claim (B) when he filed his first state habeas petition.
 
 
 15
 Because the dispositive issues have recently been decided authoritatively, we dispense with oral argument, deny a certificate of probable cause to appeal, and dismiss the appeal.
 
 
 16
 DISMISSED.
 
 
 
 [1]
 That section provides:
 
 
 [2]
 Such petition shall contain all allegations the facts of which are known to petitioner at the time of filing and such petition shall enumerate all previous applications and their disposition. No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition
 
 
 [2]
 Virginia's contemporaneous objection rule is now found at Rule 5:25 and Rule 5A:18, Rules of the Supreme Court of Virginia