838 F.2d 468
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William A. THOMPSON, Petitioner-Appellant,
v.
Ralph PACKARD, Warden, Respondent-Appellee.
 No. 87-6048.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 13, 1987.
Decided Jan. 27, 1988.
 
 William A. Thompson, appellant pro se.
 Mary Ellen Barbera, Assistant Attorney General, for appellee.
 D.Md.
 VACATED AND REMANDED.
 Before DONALD RUSSELL, WIDENER, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 William Thompson, a Maryland inmate, appeals the judgment of the district court dismissing his petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. Sec. 2254. Because we find that Thompson has not exhausted his state court remedies as required by 28 U.S.C. Sec. 2254(b) and (c) and Rose v. Lundy, 455 U.S. 509 (1982), we vacate the judgment below and remand for a dismissal of the petition without prejudice.
 
 
 2
 Subsequent to Thompson's direct appeal of his state convictions he filed a petition for post-conviction relief under the Maryland Uniform Post-Conviction Procedure Act, codified at Md.Ann.Code Art. 27, Sec. 645A. The petition was denied after an evidentiary hearing. The application for leave to appeal the denial of the petition was denied by the Court of Special Appeals. After the passage of a number of years Thompson filed another petition for post-conviction relief. In that petition he raised a number of claims similar to the ones presented in the instant federal petition, but different from the claims raised in his direct appeal and in the first state post-conviction petition. The circuit court denied the second petition without a hearing.
 
 
 3
 Shortly after the denial of this petition, and within the 30-day time period for filing an application for leave to appeal to the Court of Special Appeals, Thompson was advised by the Office of the Public Defender, in Baltimore, Maryland, that he had exhausted his state remedies and that he could proceed with his federal habeas corpus remedies. In reliance on this information Thompson did not appeal the denial of his second post-conviction petition; instead he filed this federal petition.
 
 
 4
 The district court found that Thompson had not deliberately bypassed his state remedies, and that he had exhausted his available state remedies because the time for filing an application for leave to appeal to the Court of Special Appeals had expired. The district court proceeded to address the claims on their merits.
 
 
 5
 In Richardson v. Turner, 716 F.2d 1059 (4th Cir.1983), this Court examined an application for habeas corpus relief arising from a North Carolina conviction. Although Richardson had not presented certain of his claims to the state courts, the state's procedural default rule, N.C.Gen.Stat. Sec. 15A-1419, arguably would have precluded further recourse to the state courts. Applying Sec. 15A-1419, the district court determined that Richardson had no available recourse remaining in state court; therefore, his claims were exhausted, and federal review was barred by virtue of this procedural default. We reversed, holding that, since Sec. 15A-1419 contains an exception "for good cause," the case should have been dismissed for failure to exhaust, as a state remedy might still be available. We noted that where there is a "reasonable possibility" that an exception to a state procedural bar exists the federal courts should not apply the state's procedural bar to find futility of exhaustion. 716 F.2d at 1062.
 
 
 6
 Under Md.Ann.Code art. 27, Sec. 645A(c), a claim is finally litigated if it has been adjudicated on the merits by the Court of Special Appeals. Although Thompson has already filed two petitions for post-conviction relief in the Maryland courts, it is not clear that it would be futile to require him to return to those courts in order to fully exhaust the claims presented in his federal petition. Under subsection (c) of Sec. 645A the Maryland courts have the discretion to hear Thompson's claims on the merits upon Thompson's showing that he did not "intelligently and knowingly" fail to appeal. See Davis v. State, 285 Md. 19, 400 A.2d 406 (1979); Curtis v. State, 284 Md. 132, 395 A.2d 464 (1978).
 
 
 7
 Because there is a reasonable possibility that an exception to the state procedural bar exists, the federal petition contains exhausted and unexhausted claims. As such the entire petition must be dismissed until all of the claims are fully exhausted. Rose v. Lundy, supra. Accordingly, we vacate the judgment of the district court and remand with instructions to dismiss the petition without prejudice to Thompson's refiling it after he has fully exhausted his claims in the state courts.
 
 
 8
 Because the dispositive issues have been decided authoritatively, we dispense with oral argument.
 
 
 9
 VACATED AND REMANDED.