849 F.2d 605
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James Edward LEE, Petitioner-Appellant,
v.
Ralph PACKARD, Warden, Respondent-Appellee.
 No. 87-7773.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 18, 1988.
Decided: June 10, 1988.
 
 James Edward Lee, appellant pro se.
 J. Joseph Curran, Jr., Attorney General, Valerie Johnston Smith, Office of the Attorney General of Maryland, for appellee.
 Before K.K. HALL, SPROUSE and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 James Lee, a Maryland inmate, appeals the judgment of the district court dismissing his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. Sec. 2254. Because we find that Lee has not exhausted his state court remedies as required by 28 U.S.C. Sec. 2254(b) and (c), we vacate the judgment below and remand for a dismissal of the petition without prejudice.
 
 
 2
 Prior to filing this federal habeas petition, Lee filed a petition for post-conviction relief under the Maryland Uniform Post-Conviction Procedure Act, codified at Md.Ann.Code Art. 27, Sec. 645A. The petition was denied in the circuit court. Lee then filed an application for leave to appeal to the Court of Special Appeals. That court denied Lee leave to appeal on the ground that the application was not timely filed in accordance with Maryland Rule 1093a.1 and Md.Ann.Code Art. 27, Sec. 645-I. Thereafter, Lee petitioned for a writ of certiorari in the Court of Appeals of Maryland which was also denied for lack of jurisdiction. Lee then filed the habeas corpus petition now before the court.
 
 
 3
 The exhaustion issue was not raised before the district court but this does not preclude this Court from considering the issue on appeal. Granberry v. Greer, 55 U.S.L.W. 4494 (U.S. April 21, 1987) (No. 85-6790). A petitioner should not be required to return to the state courts to exhaust his remedies if a state procedural default has rendered further exhaustion futile. However, this Court has held that where there is a "reasonable possibility" that an exception to a state procedural bar exists the federal courts should not assume that resort to state courts would be futile but should require the petitioner to litigate the applicability of the exception in order to completely exhaust. Richardson v. Turner, 716 F.2d 1059, 1062 (4th Cir.1983).
 
 
 4
 Under Md.Code Ann. Art. 27, Sec. 645A(b), a claim is finally litigated if it has been adjudicated on the merits by the Court of Special Appeals. Although Lee's application for leave to appeal was denied by the Court of Special Appeals because it was untimely, it is not clear that it would be futile to require Lee to return to the state courts to fully exhaust his claims. Under Sec. 645A(c), allegations of error are deemed to be waived if the petitioner "intelligently and knowingly" failed to make them in any proceeding in which he had an opportunity to do so, unless the failure to make the allegation is excused by "special circumstances." Lee has provided evidence that his application for leave to appeal to the Court of Special Appeals was held by prison officials for five days prior to being forwarded to the court. Because of this delay the application was received two days late. Thus, there seems to be a reasonable possibility that the state court would find the officials' failure to timely forward Lee's application to be a special circumstance which would excuse Lee's failure to present his claims to the Court of Special Appeals and preclude a finding of waiver. Because there is a reasonable possibility that an exception to the state procedural bar exists, the claims presented in Lee's petition are not yet exhausted.
 
 
 5
 However, failure to exhaust does not necessarily deprive this Court of jurisdiction to consider the merits of a habeas petition. Strickland v. Washington, 466 U.S. 668, 684 (1984). The Supreme Court has held that when the issue of exhaustion was not raised in the district court, "[t]he [appellate] court should determine whether the interests of comity and federalism will be better served by addressing the merits forthwith or by requiring a series of additional state and district court proceedings before reviewing the merits of the petitioner's claim." Granberry, 55 U.S.L.W. at 4495. While the Court set down no firm rules, it did note that clearly frivolous and clearly meritorious claims are probably best decided on the merits by the appellate court without requiring further state court exhaustion. Conversely, the Court instructed that for claims involving unresolved questions of fact or of state law, it will often be appropriate to insist on complete exhaustion. Granberry, 55 U.S.L.W. at 4496.
 
 
 6
 Applying the Granberry guidelines to the facts in this case, we believe Lee should be required to fully exhaust his claims in state courts. One of the claims raised in Lee's petition is that he was denied the benefits of his plea agreement. Apparently, this agreement was modeled after a similar plea agreement in an earlier case involving Lee and provided that the sentence he received in return for his plea of nolo contendere would run concurrent with all the other time he was already serving. In the earlier case, Lee was allowed to withdraw his plea after a state court determined that the plea agreement had been broken because Lee's Maryland sentence was not running concurrent with a New Jersey sentence involving back-up time. Lee argues that the plea agreement in this case has been broken for the same reason and he seeks to be allowed to withdraw his plea. However, on the record before us, the issue of whether Lee's sentence is presently running concurrent with his New Jersey back-up time appears to be an unresolved question of fact. Moreover, assuming the plea agreement is found to be broken, the relief to which Lee is entitled would rest within the discretion of the state court. Santobello v. New York, 404 U.S. 257 (1971). It appears, therefore, that the interests of comity and federalism are best served by requiring Lee to return to state court and exhaust his state court remedies by filing a second post-conviction petition.
 
 
 7
 For the foregoing reasons, we vacate the judgment of the district court and remand with instructions to dismiss the petition without prejudice to Lee's refiling it after he has fully exhausted his claims in the state courts.
 
 
 8
 Because the dispositive issues have recently been decided authoritatively, we dispense with oral argument.
 
 
 9
 VACATED and REMANDED.