907 F.2d 1141
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Garnet Roy WELLER, Petitioner-Appellant,
v.
Mason WATERS, Warden, MCI-H; Attorney General of the State
of Maryland, Respondents-Appellees.
 No. 89-6827.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 4, 1990.
Decided June 15, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Joseph C. Howard, District Judge. (C/A No. 89-1086-JH)
 Garnet Roy Weller, appellant pro se.
 John Joseph Curran, Jr., Attorney General, Ann N. Bosse, Assistant Attorney General, Baltimore, Md., for appellees.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, and CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Garnet Roy Weller appeals from the district court's order refusing habeas corpus relief pursuant to 28 U.S.C. Sec. 2254. Our review of the record and the district court's opinion discloses that this appeal is without merit. Weller's petition was dismissed pursuant to Rose v. Lundy, 455 U.S. 509 (1982), because it contained claims which had not been exhausted in the Maryland state courts. Although Weller asserts that he has no further recourse in the state courts, we find otherwise. His failure to raise some of the issues in his direct appeal may be excused by special circumstances,* such as the mistakes he claims were made by his trial counsel, under Md.Ann.Code art. 27 Sec. 645A(c). See Davis v. State, 285 Md. 19, 400 A.2d 406 (1979); Curtis v. State, 284 Md. 132, 395 A.2d 464 (1978). Therefore dismissal of the entire petition was correct. See Richardson v. Turner, 716 F.2d 1059 (4th Cir.1983). Accordingly, we affirm on the reasoning of the district court. Weller v. Waters, CA-89-1086-JH (D.Md. Aug. 30, 1989). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 2
 AFFIRMED.
 
 
 
 *
 Weller admitted in his "traverse" filed with the district court that he did not present exactly the same claims on direct appeal as he raised in his habeas petition. We note as an example that his claim of a violation of his Fifth Amendment privilege against self-incrimination was not raised on direct appeal to the state court. That Weller presented all the facts necessary to state a particular claim is not sufficient. See Anderson v. Harless, 459 U.S. 4 (1982)