NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**VICTOR MANUEL CELORIO GARRIDO,**
*Appellant,*

**v.**

**BOB HOLT,**
*Appellee.*

2013-1194

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Reexamination No. 95/000,393.

Decided: October 22, 2013

VICTOR MANUEL CELORIO GARRIDO, of Gainesville, Florida, pro se.

JEFFREY SONNABEND, Sonnabend Law, of Brooklyn, New York, for appellee.

Before RADER, *Chief Judge,* NEWMAN, and DYK, *Circuit Judges.*

PER CURIAM.

Victor Manuel Celorio Garrido ("Garrido") appeals from the decision of the Patent Trial and Appeal Board ("Board") in the inter partes reexamination of U.S. Patent No. 6,213,703 B1 ("the '703 patent"). The Board affirmed the Patent and Trademark Office ("PTO") examiner's rejection of all but six claims as anticipated or obvious over the prior art. Garrido appealed, contending that the Board erred by relying on prior art references that were not published or publicly accessible prior to the filing date and by failing to address alleged misconduct by the requestor. We conclude that the Board did not err in relying on the prior art references. We also agree that Garrido's allegations of misconduct are unsupported. We *affirm*.

## BACKGROUND

Garrido owns the '703 patent, which is directed to an "Electronic Bookstore Vending Machine" for printing and binding books on demand. The '703 patent claims priority to a predecessor application filed on October 3, 1997.

The '703 patent's specification explains that "[t]he present invention is a step by step method and a system . . . for formatting, printing, and binding, for example, a book, a magazine, or other printed material." '703 patent col. 5 ll. 6-10. The specification describes preferred embodiments that use various methods to format, print, and bind books (for example, using different kinds of glue). *See id.* col. 11 l. 4 to col. 12 l. 4. Independent claim 1 is directed to

> [a] system for producing and distributing books, comprising:
>
> an input means for inputting requests for one or more books,
>
> a plurality of printing and binding means for printing and binding a book upon receipt of data

corresponding to a book's content and control data, and

at least one distribution unit which receives a request for a selected book . . . .

*Id.* col. 16 ll. 19-27. Independent claim 12 is directed to

[a] method for producing and distributing books, comprising the following steps:

creating a plurality of electronic text files corresponding to a plurality of books . . . ;

storing said plurality of text files;

allowing a customer to order one or more of said plurality of books; and

transmitting the electronic text files corresponding to the ordered book(s) to a device capable of printing and binding said ordered book(s) . . . .

*Id.* col. 17 ll. 14-25. The remaining claims are dependent claims.

In November 2008, Bob Holt ("Holt") requested that the PTO initiate an inter partes reexamination of all claims of the '703 patent. *See Holt v. Garrido*, No. 2012-000170, slip op. at 2 (P.T.O. March 28, 2012). Holt asserted, inter alia, that the claims were anticipated or obvious over combinations of prior art references disclosing various print-on-demand systems. These included JIM WALLACE, EXPLORING IBM PRINT ON DEMAND TECHNOLOGY (1997) ("Wallace"); XEROX CORP., THE POWER OF PRINT ON DEMAND: AN ANTHOLOGY OF CASE HISTORIES AND SOLUTIONS (1994) ("Xerox"); and CAP VENTURES, THE PRINT-ON-DEMAND OPPORTUNITY: TECHNOLOGY, PRODUCTS, & THE BUSINESS (Jim Hamilton ed., 1996) ("CAP Ventures").

The examiner issued a non-final office action rejecting various claims under 35 U.S.C. § 102(b) and § 103. Garrido responded, contending that the references were inapposite or not prior art. *See generally* Patent Owner's Response to Non-Final Office Action, *Holt v. Garrido* Inter Partes Reexam. Control No. 95/000,393 (P.T.O. Mar. 13, 2009). With respect to Wallace, Garrido argued that "[t]he copy right [sic] registration with respect to the Wallace reference indicates the Wallace reference was published on December 16, 1996." *Id.* at 38. Garrido sought to antedate Wallace as a section 102(a) reference, submitting "a signed Declaration [u]nder 37 CFR. § 1.131 by the patentee which swears behind the publication date December 16, 1996 of Wallace." *Id.*

Over the course of the reexamination, Garrido amended or added approximately ninety claims. In December 2009, the examiner issued a final decision confirming six of these claims and rejecting the rest as obvious over or anticipated by Wallace and the other references. Garrido petitioned to reopen the prosecution, arguing that the examiner erred by treating Wallace as a section 102(b) prior art reference. Garrido stated:

> The inside cover of the Wallace reference shows "Copyright 1997 by Maximum Press" and the copyright registration with respect to the Wallace reference indicates that the Wallace reference was published on December 16, 1996.

Petition under 37 C.F.R. § 1.181 - Request To Reopen Prosecution after Action Closing Prosecution at 6, *Holt v. Garrido*, Inter Partes Reexam. Control No. 95/000,393 (P.T.O. Jan. 11, 2010). Garrido argued that the examiner had erred "by not realizing that 12/16/96, the date the copyright registration indicates the Wallace reference was published, is within one year of 10/3/07, the . . . effective filing date," and that Wallace therefore created no statu-

tory bar to patentability under section 102(b). *Id.* at 7. Garrido's petition was denied.

Garrido timely appealed to the Board, and Holt cross-appealed. The Board held that Wallace was not a section 102(b) prior art reference, because its December 16, 1996, publication date did not predate the '703 patent's priority date of October 3, 1997, by a full year.[1] *See* Decision on Appeal at 32, *Holt v. Garrido*, No. 2012-000170 (P.T.A.B. Mar. 28, 2012) ("Board Decision"). The Board instead held that Wallace was available as prior art under section 102(a). *Id.* The Board also held that Garrido had failed to show reduction to practice or diligence prior to October 3, 1997. *Id.* at 60. The examiner's rejections were sustained.

Garrido requested a rehearing. He argued that there was no evidence that Wallace was published on December 16, 1996. *See* Patent Owner's Request for Rehearing at 40, *Holt v. Garrido*, No. 2012-000170 (P.T.A.B. May 1, 2012).

---

[1]    At the time, the statute provided:

A person shall be entitled to a patent unless—

(a) the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent, or

(b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States . . . .

35 U.S.C. § 102(a), (b) (2010). These provisions have since been amended. *See* Leahy-Smith America Invents Act ("AIA"), Pub. L. No. 112-29, § 3(b)(1), 125 Stat. 284, 285-286 (2011), *amending* 35 U.S.C. § 102(a), (b).

He also argued that misconduct by Holt in misrepresenting the prior art had tainted the proceedings. *Id.* at 9-10, 31-33.

The Board denied rehearing. It noted that Garrido's new position on Wallace's publication date was "in direct contrast to the position advocated by [Garrido] throughout reexamination prosecution and up through [the] Appeal." Decision on Request for Rehearing at 18, *Holt v. Garrido*, No. 2012-000170 (P.T.A.B. Oct. 25, 2012) ("Reh'g Decision"). Accordingly, the Board declined to address it:

> Patent Owner now argues that Wallace's publication date is . . . 1997. However, this argument was not made in Patent Owner's Appeal Brief, and as such, we take this shift in position to be a new argument.

*Id.* at 19 (citation omitted). The Board also declined to address Garrido's allegations that Holt committed misconduct, stating that it lacked jurisdiction over such allegations, which had to be addressed to the Office of Enrollment and Discipline. *Id.* at 23.

Garrido timely appealed to this court. Holt did not appeal with respect to the six allowed claims. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(A) and 35 U.S.C. § 141. We review the Board's legal determinations de novo, and its factual findings for substantial evidence. *In re Baxter Int'l, Inc.*, 678 F.3d 1357, 1361 (Fed. Cir.2012).

## DISCUSSION

### I. The Wallace Publication Date

Garrido's primary argument on appeal is that the Board erred by treating Wallace as having been published

in 1996, before the filing date of the '703 patent.[2] In particular, he argues that although Wallace may have been registered before the filing date, it was not published before that date.

Garrido contends that the publication date issue is not waived, because he "raised [it] clearly in . . . [the] Appeal Brief" before the Board. Appellant's Br. at 6. This is incorrect. Garrido's appeal brief before the Board stated without reservation that "Wallace was published on December 16, 1996." Pat. Owner Corrected Appellant Appeal Br. at 13, No. 2012-000170, (P.T.A.B. Sept. 14, 2010) ("Board Appeal Brief") (emphasis added). The Board Appeal Brief reiterated the arguments previously made to the examiner, that is, that the claimed invention antedated Wallace for purposes of section 102(a) (an argument not raised on appeal to this court), and that for purposes

---

[2]    Holt contends that we lack jurisdiction over this appeal because Garrido failed to name the PTO Director as a party to the appeal, in violation of the Federal Rules of Appellate Procedure. The Rules require that a petition for review of an agency order must, inter alia, "name the agency as a respondent (even though not named in the petition, the United States is a respondent if required by statute)." Fed. R. App. P. 15(a)(2)(B).

This argument is meritless. The statute granting this court jurisdiction to review final Board decisions in inter partes reexaminations does not require that the PTO Director be named as a party. To the contrary, the statute addressing review of these PTO decisions, 35 U.S.C. § 143, contemplates that the Director will not be named, as the Director is given the right to intervene. *See id.* ("The director shall have the right to intervene in an appeal from a decision entered by the [Board].").

of section 102(b), October 7, 1997, was not one full year after the publication date of December 16, 1996:

> The inside cover of Wallace shows "Copyright 1997 by Maximum Press". Therefore, patentee argues it is unclear whether Wallace was published prior to October 3, 1997 . . . . The patentee asserts that [the claimed invention] was conceived prior to November 1, 1995.
>
> . . .
>
> The copyright registration of Wallace indicates that Wallace was published on December 16, 1996 . . . . December 16, 1996 <u>is within one year</u> of 10/03/97.
>
> . . .
>
> 12/16/96, the date the copyright registration indicates the Wallace reference was published, is within one year of 10/3/97, . . . the effective filing date of the current claims in the '703 patent.

*Id.* at 12-13.

Garrido now argues that insofar as he stated that Wallace's publication date was 1996, it was an unintentional mistake, that is, an error in typing the last digit of the year. But Garrido's Board Appeal Brief was clear that he attributed a December 16, 1996 date to the Wallace reference.[3] Our law establishes that a patentee cannot

---

[3]    Garrido also urges that his previous statements about Wallace's publication date can be given no weight because they were merely "attorney argument." *See* Appellant's Br. at 3 (citing *In re Schulze*, 346 F.2d 600 (CCPA 1965)). But the cited reference does not support him. While it is true that attorney argument "does not take the place of evidence in the record" to support the

advocate one position during reexamination, and then, when that position has been accepted by the PTO, reverse its position on appeal. *See Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1574-75 (Fed. Cir. 1995) (a party's contrary position on appeal does not negate the record developed below based on its prior position); *EF Operating Corp. v. Am. Bldgs.*, 993 F.2d 1046, 1050 (3d Cir. 1993) ("It goes without saying that one cannot casually cast aside representations, oral or written, in the course of litigation simply because it is convenient to do so . . . ."). Nor can a party escape responsibility for positions it has repeatedly taken in its briefs by subsequently dismissing those positions as mistakes or attorney argument. *Fleck v. KDI Sylvan Pools, Inc.*, 981 F.2d 107, 116-17 (3d Cir. 1992) ("When a litigant takes an unequivocal position at trial, he cannot on appeal assume a contrary position simply because the decision in retrospect was a tactical mistake . . . ."); *Alexander v. Town & Country Estates, Inc.,* 535 F.2d 1081, 1082 & n. 1 (8th Cir. 1976) ("On appeal, we will not decide the case on a legal theory directly contrary to that advanced by appellants at trial.").

Garrido also argues that even if he advanced a 1996 publication date for Wallace in the Board Appeal Brief, his response to Holt's brief before the Board made no such contention. Instead, he argued:

> The copyright of [Wallace's] publication date - if ever -, is not known. It is not 1996 nor 1997 as stated previously during the Reexamination. The

---

patentability of a claim, *see Schulze*, 346 F. 2d at 602, the Board may rely on a patentee's repeated concessions against interest, as it did here, *see* Board Decision at 32 n.12 (finding Garrido's concession that Wallace was published in 1996 "credible as a statement against interest").

> Copyright Office DOES NOT HAVE ANY EVIDENCE that such a document was ever registered in that office. Not in 1996, not in 1997, and NOT EVER.

Patent Owner's Corrected Response to Appeal Brief of Appellant at 16, No. 2012-000170, (P.T.A.B. Sept. 14, 2010) ("Board Response Brief").

The Board did not err in construing PTO Rule 41.52(a)(1), like our own appellate rules, to require that a party's arguments be raised in the opening brief. Here, Garrido's Board Response Brief not only raised a new argument, it contradicted the Board Appeal Brief without any explanation for the abrupt change in position. The Board Response Brief never contended, as Garrido does now, that the attribution of a December 16, 1996, publication date to Wallace in Garrido's earlier filings was an inadvertent mistake. Thus, the Board did not err when it concluded that the argument advanced in Garrido's petition for rehearing had not been properly raised on appeal, and rejected it.

Finally, Garrido argues that even if December 16, 1996 is Wallace's copyright registration date, a copyright registration is insufficient proof that Wallace was publicly disseminated, as required by section 102. *See In re Cronyn*, 890 F.2d 1158, 1160 (Fed. Cir. 1989). He then makes the same objection to two other references, Xerox and CAP Ventures. Garrido relies on our holding in *In re Lister*, 583 F.3d 1307 (Fed. Cir. 2009), where we held that an unpublished manuscript that was registered with the Copyright Office, and available for inspection by visitors to that office, was not a "printed publication" for purposes of section 102(b). *Id.* at 1311-17. But the Copyright Office allows registration of both published and unpublished documents. *See* 37 C.F.R. § 202.3(b)(1)(i). Here, Garrido's concession was not that Wallace was registered on December 16, 1996, but that it was "published" on that date.

The publication of Wallace on December 16, 1996, was sufficient to render it prior art under 102(b).

Because Garrido has not shown that the Board's findings with respect to Wallace are erroneous or unsupported by substantial evidence, we decline to disturb them.

## II. Requestor Misconduct

Garrido next argues that because the reexamination proceeding was tainted by misconduct, the Board was obliged to reverse its decision rejecting the '703 claims.

Garrido alleges that Holt "lied in at least 27 different instances about the content of the references, their meaning, or both." Appellant's Br. at 8. The Board held that it lacked jurisdiction to address these allegations. We do not reach the jurisdictional issue, however, because Garrido provides no support for concluding that any misconduct occurred. He does not give a single example in his opening brief. Attached to his reply brief is a list of various statements that he contends are false, but he does no more than allege in a conclusory fashion that they are false. To the extent we understand his arguments, the alleged "misconduct" appears to be no more than disagreement over what is disclosed in the prior art. Mere disagreement between the parties is not evidence of misconduct. *See Dexter Fastner Tech., Inc. v. N.L.R.B.*, Nos. 96-6421, 96-96519, 1998 WL 199814, at \*6 (6th Cir. Apr. 14, 1998) (affirming that "considerable evidence of disagreement between the parties" alone does not amount to misconduct).

In any case, arguments made for the first time in a reply brief are waived. *See, e.g.*, *Advanced Magnetic Closures, Inc. v. Rome Fastener Corp.*, 607 F.3d 817, 833 (Fed. Cir. 2010).

We have considered Garrido's remaining arguments and find them without merit.

## AFFIRMED

Costs

Costs to Holt.